147 So.2d 590 (1962)
Henry A. SMITH, Appellant,
v.
CITY PRODUCTS CORPORATION, a Corporation, Appellee.
No. D-289.
District Court of Appeal of Florida. First District.
December 11, 1962.
Rehearing Denied January 8, 1963.
Fisher & Hepner, Pensacola, for appellant.
Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, for appellee.
WIGGINTON, Acting Chief Judge.
Plaintiff has appealed a summary judgment entered in defendant's favor in a suit for damages arising out of a collision between a truck owned by plaintiff and one owned by defendant. The sole question presented for decision is whether under the *591 undisputed facts shown by the record the trial judge erred in holding that defendant was entitled to judgment.
Defendant is the owner of a truck used by it in delivering ice to its customers. On the day in question it was operated by an employee. Before leaving the ice plant a young fifteen year old boy asked the truck driver if he could accompany him on his route. In response to the driver's affirmative reply the young boy entered the cab of the truck and remained with it throughout the series of events which culminated in the collision about which plaintiff complained.
The driver of the truck made four stops at which he delivered ice to his customers. On the first three stops his young passenger accompanied him into the buildings where deliveries were made. On the fourth stop the young boy remained in the cab of the truck, but was admonished by the driver "not to fool around with the truck" during the driver's absence while making the delivery. The boy complied with this admonition and nothing untoward occurred during the driver's absence from the truck on this occasion. The driver then proceeded to a restaurant where he parked the truck before going inside to purchase a sandwich. Before leaving the driver again admonished the boy not to bother the truck while he was gone, and received the boy's assurance that he would not bother it in any way. While the driver was in the restaurant the boy, contrary to his assurance, started the motor of the truck, put it in gear and moved forward a distance of about four feet. During this interval plaintiff had moved into the parking space directly behind defendant's truck. Plaintiff alighted from his truck at about the time the boy decided to back defendant's truck into the position it previously occupied. After backing defendant's truck a distance of about two feet the boy heard a bump caused by the rear end of the truck colliding with the rear end of plaintiff's truck. Defendant's truck was brought to an immediate stop, but not before the collision had caused the damages for which plaintiff claimed judgment.
In pursuance of its general denial defendant filed a motion for summary judgment supported by affidavits of its truck driver and the young boy whose operation of the truck caused the damages for which plaintiff claimed compensation. On the basis of the pleadings and the facts reflected by the affidavits as hereinabove set forth the trial court entered summary judgment in defendant's favor.
In entering the judgment appealed the trial court relied upon the decision rendered by the Third District Court of Appeal in the Lingefelt case,[1] and the decision rendered by the Second District Court of Appeal in the Bryant case.[2]
In Lingefelt plaintiff alleged in his complaint that defendant had negligently and carelessly allowed his automobile to stand unattended without locking the ignition in violation of the ordinances of the City of Miami; that the automobile was entered by an unauthorized person who proceeded to operate it in a negligent manner resulting in a collision with the automobile being operated by plaintiff; that defendant should have reasonably foreseen that an unauthorized person would enter and operate his automobile under the circumstances and that as a proximate result of his negligence plaintiff was injured. In affirming a judgment dismissing the complaint for failure to state a cause of action the District Court conceded that defendant's act in leaving his motor vehicle unattended without locking the ignition was an act of negligence, but that such negligence was not the proximate cause of plaintiff's injuries. The import of this decision is that defendant could not reasonably have foreseen that his act in failing to lock the ignition of his car would result in the injuries sustained by plaintiff, and that the *592 sole proximate cause of the plaintiff's injuries was the negligent operation of defendant's automobile by the unauthorized person.
A similar factual situation was present in Bryant although there was not involved in that case any ordinance or statute prohibiting a person from leaving his automobile unattended without locking the ignition. The Second District Court of Appeal followed the rationale of the ruling in Lingefelt and held that it was the negligent operation of defendant's automobile by an unauthorized person, and not defendant's act in leaving his automobile unattended without locking the ignition, which was the proximate cause of the damages suffered by plaintiff. The final judgment on the pleadings entered in defendant's favor was accordingly affirmed.
Each of the foregoing decisions turned on the question of proximate cause. It was held under the facts present in those cases that the damages suffered resulted from an independent intervening cause which was not reasonably foreseeable by the defendants, and therefore no liability attached as a result of defendants' negligent acts.
In the Pope case this court affirmed the recognized definition of proximate cause to be that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.[3] We also recognized the applicability of the foreseeability test in determining the question of proximate cause and adhered to the rule that even though a defendant has been negligent, there can be no recovery for an injury that was not a reasonably foreseeable consequence of his negligence.
Appellant contends that the case we now review is distinguishable from the facts present in both Lingefelt and Bryant, and for this reason a different rule of law should be applied. Appellant argues that since defendant's driver felt it necessary to twice admonish his young passenger "not to fool with the truck" during his absence, the driver should be presumed to have reasonably foreseen the likelihood that the young boy would start the truck and operate it during his absence, which operation would result in the damages suffered by plaintiff. We are of the view that such an inference is one which a jury may be permitted to draw from the undisputed facts in the case thereby fulfilling the test of foreseeability and establishing the element of proximate cause. On the other hand appellee argues with equal logic that the evidence before the court negatives such an inference of foreseeability in that the young boy had complied with the driver's admonition not to bother the truck at the time the fourth ice delivery was made, and in view of such compliance the driver could not reasonably have foreseen that the boy would disregard the admonition made and repudiated the assurances he gave the driver when the truck made its last stop at the restaurant just prior to its negligent operation. We are of the view that the inference suggested by appellee is one which the jury may likewise draw from the evidence in this case, and from it conclude that because of lack of foreseeability on the part of defendant's driver, his act in leaving the truck without removing the ignition keys was not the proximate cause of the damages suffered by plaintiff.
Because of the conflicting inferences which a jury may lawfully draw from the undisputed facts in this case on which the question of liability will turn, there exists a genuine issue of a material fact which requires that the case be submitted to a jury for its final determination. Where the evidence admits of such conflicts, the question of proximate cause is one to be decided only by a jury. This adjudication may not be made by the trial judge on motion for summary judgment.
*593 For the reasons hereinabove stated we hold that the trial court erred in entering the summary judgment which forms the subject of this appeal. The judgment is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
STURGIS and RAWLS, JJ., concur.
NOTES
[1] Lingefelt v. Hanner (Fla.App. 1960), 125 So.2d 325.
[2] Bryant v. Atlantic Car Rental, Inc. (Fla. App. 1961), 127 So.2d 910.
[3] Pope v. Pinkerton-Hays Lumber Co. (Fla.App. 1960), 120 So.2d 227.