BURGARD, APPELLANT, *v.* EFF ET AL., APPELLEES.

[Cite as Burgard v. Eff, 1 Ohio App. 2d 483.]

484

(No. 5904—Decided March 10, 1965.)

*Mr. Robert Z. Kaplan*, for appellant.
*Messrs. Ritter & Boesel*, for appellee Onard L. Duncan.
*Messrs. Finn, Manahan & Pietrykowski*, for appellee Herbert W. Eff.

GUERNSEY, J.  This action was initiated by a police officer of the city of Toledo for damages for personal injuries, and the appeal herein is by such plaintiff on questions of law from a summary judgment entered in favor of the defendants.

The plaintiff alleged generally in his petition that during the hours of darkness, while on official duty as the driver of a police scout car, he heard the roar of the motors of defendants' automobiles and thereupon observed them racing at speeds of 60 to 65 miles per hour; that as he pursued them they proceeded through red lights and stop signs, increasing their speeds, at times, to approximately 70 to 80 miles per hour, and gained distance on the plaintiff's scout car; that as the scout car rounded a curve in the street where a slight up-grade existed it went out of control, veered to the left over the curb, and struck a tree; that at all of such times "defendants knew they were being pursued by the plaintiff and while they were fleeing from the plaintiff;" and "that as a direct and proximate result of the

joint and concurrent carelessness and negligence of the defendants'' plaintiff incurred serious personal injuries.

The separate answers of defendants amounted to general denials together with allegations of plaintiff's contributory negligence, which plaintiff denied in separate replies filed thereto. The defendants thereupon moved for summary judgment.

Upon hearing of the motion defendants offered into evidence five photographs of various street intersections involved, a street diagram of the area and two depositions, taken as on cross-examination, of the plaintiff, Burgard, and his fellow officer Kubacki, who was also in the scout car at the time of the collision. No affidavits or depositions of either of the defendants were filed or offered into evidence by the defendants, and the plaintiff offered no opposing affidavits or depositions. As Officer Kubacki had also filed action against the defendants, with similar pleadings and similar motion by the defendants for summary judgment, by stipulation and with the approval and consent of the court the motions for summary judgment were heard together. By stipulations, stated by counsel for the defendants and agreed to by counsel for Burgard and Kubacki, the identical photographs, diagram and depositions were offered and admitted in both cases to be considered by the court in its disposition of both motions.

In this case, the Common Pleas Court found the motion well taken, without stating its reasons therefor, and entered judgment in favor of the defendants. The plaintiff's assignments of error were argued together and may be summarized that the judgment of the trial court is contrary to law.

At the outset of the hearing of this appeal counsel for defendants moved for dismissal or for the affirmance of the judgment of the trial court, for the claimed reason that no bill of exceptions was filed herein including as exhibits the photographs, diagram and depositions considered by the court, but that these exhibits were merely referred to in the stenographer's certificate to the bill of exceptions as being ''the exhibits attached to and included in cause number 193846, *Kubacki* v. *Eff and Duncan*, and made a part hereof by stipulation of counsel, and received in evidence by the court in this cause, No. 194824, and in cause number 193846,'' etc., and that the record of the *Kubacki case* was not before this court. In disposing of this

motion it might have been sufficient for us to conclude that this situation was brought about by the active suggestion and stipulation of counsel for the defendants of which conduct they cannot now complain. However, a complete reading of the bill of exceptions filed in this appeal demonstrates that the exhibits are definitely identifiable as those attached to the bill of exceptions prepared in the *Kubacki case*, which bill has been furnished to this court. Defense counsel's motion in this regard is without merit and is overruled.

In subparagraph (B) of our summary judgment statute, Section 2311.041, Revised Code, mandatory duties are imposed upon the trial court that:

"* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment *as a matter of law.* A summary judgment shall not be rendered unless it appears from the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; *the party against whom the motion for summary judgment is made is entitled to have such depositions, answers to interrogatories, admissions of the genuiness of papers or documents, and affidavits construed most strongly in his favor.* * * *." (Emphasis added.)

It is from such, and similar, statutory provisions that it is concluded in 49 Corpus Juris Secundum, 418, Judgments, Section 225 b, that:

"On a motion by defendant for summary judgment dismissing the complaint, his affidavits must set forth evidentiary facts showing the sufficiency of his defense."

See, also, *Bowlds* v. *Smith*, 114 Ohio App. 21; *Oliver, Admr.,* v. *Kasza*, 116 Ohio App. 398; and *Rukavina* v. *New York Central Rd. Co.*, 1 Ohio App. 2d 48.

It is apparent from our summary judgment statute, and the foregoing authorities, that issues here having been joined on the negligence of the defendants and the contributory negli-

gence of the plaintiff, the Common Pleas Court could not enter summary judgment for the defendants on their motion unless it could determine from the documents offered by the defendants at the hearing of such motion, *as a matter of law,* that one of three things existed, specifically, *either* (1) that the defendants were free of negligence, *or* (2) if defendants were negligent, that their negligence was not the proximate cause of plaintiff's injury, *or* (3) that the plaintiff was guilty of contributory negligence.

Without even construing the documents filed and offered by defendants most strongly in favor of the plaintiff they do not show that the defendants were, as a matter of law, free of negligence. On the contrary the depositions of plaintiff and Kubacki show that defendants were guilty of negligence per se in at least two respects, *i. e.,* failing to obey a traffic control device, Section 4511.12, Revised Code, and failing to stop in obedience to a stop sign, Section 4511.43, Revised Code. They also tend to show that the defendants were negligent in the violation of statutory speed regulations, Section 4511.21, Revised Code, and tend to show conduct constituting a violation of Section 4511.78, Revised Code, prohibiting resistance of an official in attempting to arrest a traffic offender. As there were no affidavits of the defendants, or other documents filed by the defendants, showing otherwise, for the purpose of ruling on the motion the court had to accept these matters as undisputed and could not determine, as a matter of law, that defendants were free of negligence.

As to the contributory negligence of plaintiff, if any, the deposition of Kubacki is silent as to the conduct of Officer Burgard and as to the circumstances existing at the time of the collision. He states that the last thing which he remembered prior thereto was his attempting to observe street signs to determine and report by radio to headquarters the location of the chase. Officer Burgard, on the other hand, testified that he was "not too familiar" with the street on which the collision occurred; that at the intersection nearest the collision he slowed for a stop sign from approximately "fifty or fifty-five" to maybe "forty or forty-five, I don't know"; that he "could see taillights [of the pursued cars] at about that point but then I lost them"; that after he last saw them, "I didn't make the

curve and I hit a tree''; that while making a right jog on Potomac after crossing Grand Avenue he lost control of the squad car and ran into a tree on the left hand side of Potomac approximately one hundred fifty or two hundred feet north of its intersection with Grand and about a couple of feet from the edge of the pavement; that ''when I saw that I was going to hit the tree I attempted to brake my car at the time and at the time I hit the tree I was probably doing forty; I don't know.'' The testimony of both Burgard and Kubacki was that at all times during the chase the oscillating red light on top of the scout car was in operation but that at no time was the siren sounded.

As our record is silent as to the width of Potomac Avenue it cannot be determined, as a matter of law, that Officer Burgard violated the center line requirements of Section 4511.25, Revised Code, and the center line prohibitions of Sections 4511.29 and 4511.30, Revised Code, are not applicable under the circumstances herein. As Burgard failed to sound the siren, he would not be excepted from the prima facie speed limitations of Section 4511.21, Revised Code, by virtue of the operation of Section 4511.24, Revised Code. However, these limitations are not absolute with respect to speed in and of itself, and the violation thereof does not constitute negligence as a matter of law. *Swoboda* v. *Brown*, 129 Ohio St. 512.

There were, therefore, no undisputed facts before the Common Pleas Court upon which it could determine, as a matter of law, that plaintiff Burgard was contributorily negligent at the time of the collision. Under the provisions of Section 737.11, Revised Code, Officer Burgard had the duty of enforcing all ordinances of the city of Toledo and all criminal laws of the state of Ohio by the apprehension of the violators of such ordinances and laws. In the absence of a showing of negligence, as a matter of law, in the manner in which this duty was performed, the existence of such negligence and whether same contributed to cause plaintiff's injuries constituted questions of fact for jury determination.

There would thus remain only one possible justification for a summary judgment in favor of defendants, *i. e.*, that the defendants' negligent conduct alleged in plaintiff's petition, which conduct was proved or tended to be proved by the undisputed evidentiary facts set forth in the depositions offered by

defendants, was not, as a matter of law, the proximate cause of plaintiff's injuries.

In those instances in which reasonable minds could differ on the issue of proximate cause, the issue then is one which is properly submitted to the trier of facts, and is not an issue for the court. *Woods* v. *Brown's Bakery*, 171 Ohio St. 383, 389; *Glasco* v. *Mendelman*, 143 Ohio St. 649; and *White* v. *Ohio Power Co.*, 171 Ohio St. 148. And this rule is particularly applicable to motions for summary judgment. *Smith* v. *City Products Corp.* (Dist. Ct. of Fla.), 147 So. 2d 590; and *Fuller* v. *Southwestern Greyhound Lines, Inc.* (Tex. Civ. App.), 331 S. W. 2d 455.

On the basis of the depositions offered by the defendants there is no question that defendants were violating the laws of the state of Ohio and that plaintiff, Burgard, had the duty of enforcing these laws by apprehending the violators. In his petition plaintiff claims that the defendants had knowledge of the pursuit, and in the depositions it appears undisputed that the oscillating red light on the scout car was operating during the pursuit. The defendants have not by affidavit, deposition, or otherwise (except by the general denial of their respective answers) shown any lack of knowledge on their part that they were being pursued. So far as the depositions are concerned, which is all the trial court had before it, the defendants could have had knowledge of the pursuit and, notwithstanding, continued their negligent conduct and their resistance to arrest. Under these circumstances, and under the mandate of our summary judgment statute (Section 2311.041, Revised Code), giving to the depositions a construction most strongly in favor of plaintiff, it is our opinion and conclusion that reasonable minds could differ as to whether defendants' conduct proximately caused the injuries of which plaintiff complains and that the Common Pleas Court could not determine such issue of proximate cause as a matter of law.

Although defendants have cited a number of Ohio cases involving collisions occurring between policemen and others while the policemen were pursuing offenders, these cases are not in point, as the issues of proximate cause and due care relate to third parties and do not bear on the relationships existing in an action by and between the pursuer and the pursued.

Such cases do not serve to show that no cause of action exists on the facts here, where the defendants have not by any means negatived their negligence, and proximate cause remains disputable. Moreover, the defendants did not attack the petition by demurrer, and a motion for summary judgment may not be used as a substitute therefor. *Dottai* v. *Altenbach*, 19 Wis. 2d 373, 120 N. W. 2d 41; *Stafford* v. *General Supply Co.*, 5 Wis. 2d 137, 92 N. W. 2d 267; and *McLoughlin* v. *Malnar*, 237 Wis. 492, 297 N. W. 370. See, also, 49 Corpus Juris Secundum 387, Judgments, Section 219, notes 22 and 23.

In concluding, we should point out that, notwithstanding that all that transpired here occurred within the corporate limits of the city of Toledo, in our determination of this appeal we have given consideration only to state statutes and have given none to Toledo city ordinances. Neither the plaintiff nor the defendants plead or refer to any city ordinances and, not being the subject of judicial notice in the Common Pleas Court of Lucas County, they thereby became a matter of evidentiary proof if any of the parties proposed to rely upon them. Had the defendants proposed to rely thereon in support of their motion for summary judgment they could have supplied same by affidavit, or by some other appropriate means, but did not do so.

Defendants not being entitled, on any theory, to judgment as a matter of law and there being genuine issues as to material facts shown by the pleadings and depositions, the Common Pleas Court committed error prejudicial to the plaintiff in entering summary judgment in favor of the defendants. Such summary judgment is reversed and the cause is remanded to the Common Pleas Court for further proceedings as provided by law.

*Judgment reversed.*

Fess, P. J., and Smith, J., concur.

Guernsey, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.