JOSEPH, APPELLANT, *v.* CITY OF PORTSMOUTH, APPELLEE.

(No. 74-941—Decided December 17, 1975.)

*Messrs. Kimble, Schapiro, Stevens, Harcha, Young & Clark* and *Mr. Roger L. Clark*, for appellant.
*Mr. Edward V. Leach*, city solicitor, for appellee.

*Per Curiam.* R. C. 723.01 provides:

"Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

The granting, by the trial court, of appellee's motion for summary judgment was predicated upon a conclusion that the park strip was not encompassed within the terms of R. C. 723.01 and was not an area intended to be used for travel.

The syllabus of *Barnesville* v. *Ward* (1911), 85 Ohio St. 1, reads:

"1. Where a street is sufficiently wide that enough will remain unobstructed for the purpose of public travel, a municipality may maintain or permit to be maintained, park strips between the curbing of the paved street and the pavement of the sidewalk in which strip grass, flowers and trees may be grown for the purpose of beautifying and

ornamenting the streets of the city and contributing to the pleasure and comfort of its citizens, and may by proper barriers prevent travel thereon.

"2. The trees, grass and flowers growing thereon and proper barriers placed around the same to protect them, are not obstructions or nuisances within the meaning of the statute requiring the city council to keep the streets of a municipality open, in repair and free from nuisance.

"3. A city may not maintain or permit to be maintained, a fence, wire or other barrier around such park strips dangerous to the life or safety of any traveler who undertakes to pass over the same, and if a pedestrian in the exercise of due care for his own safety is injured by reason of the dangerous condition of such barrier the municipality is liable in damages for such injury if it knew, or in the exercise of ordinary care, ought to have known the dangerous condition thereof."

Although no specific numerical statutory references appear in the *Barnesville* case, the holding in that case is based upon a conclusion that "* * * park strips between the curbing of the paved street and the pavement of the sidewalk * * *" are within the ambit of the "statute requiring the city council to keep the streets of a municipality open, in repair and free from nuisance."

The fact that the obligations imposed upon a municipality by R. C. 723.01 apply to a park strip does not itself render a municipality liable for injuries sustained by a pedestrian using the park strip.

In *Lovick* v. *Marion* (1975), 43 Ohio St. 2d 171, 172, which involved a fall into a "catch basin and sloping drain" adjacent to a street, it was noted that liability under R. C. 723.01 "is not imposed upon a municipality where the condition in question does not render a street unsafe for usual and ordinary modes of travel." Concluding that "* * * the catch basin and drainage slope were not part of the paved or traveled portion of the street; they did not render the street unsafe for customary vehicular or pedestrian travel and did not cause injury to a person using

the street in an expected and ordinary manner," the court, in *Lovick*, found the defendant-city not liable.

From the foregoing, it is evident that there are triable issues to be determined in this cause, including findings as to the "conditions" allegedly causing the injury and whether appellant was using the park strip "in an expected and ordinary manner."

Inasmuch as there are genuine issues of material facts to be determined in this cause, the trial court erred in granting appellee's motion for summary judgment. Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*