THE STATE, EX REL. RYLAND ET AL., APPELLANTS, *v.* SCHINKAL ET AL., APPELLEES.

[Cite as State, ex rel. Ryland, v. Schinkal (1976), 49 Ohio St. 2d 1.]

(No. 76-529—Decided December 29, 1976.)

*Latimer & Swing Co., L. P. A.,* and *Mr. Albert J. Mestemaker,* for appellants.

*Mr. Richard L. Martin,* for appellees.

STERN, J. R. C. 507.09 sets out fees and compensation to be paid township clerks, and fixes the maximum compensation based upon the size of the township budget. As applicable herein, it provides:

"(C) In townships having a budget of five thousand dollars or over, the clerk shall receive three per cent of the total expenditures of such township in excess of five thousand dollars in addition to the amount provided under division (B) of this section. No township clerk shall receive compensation in excess of the following amounts in any one calendar year for said services as such clerk:

"* * *

"(3) In townships having a budget of three hundred

fifty thousand dollars or over, six thousand dollars."

Appellees contend that R. C. 507.09 was intended to reflect the maximum compensation for the position, not the person holding it; and that a township has no duty or authority to pay more than the statutory maximum in any given year, no matter how many persons serve in the position during that year. In upholding this contention, the Court of Appeals noted that, if each person holding the position of clerk could receive the maximum statutory compensation of $6,000, the total payment might be far in excess of $6,000. For instance, if twelve clerks served one month each during a year, the township might be required to disburse $72,000 for the work that a single clerk would have performed for $6,000. Here, appellants seek a total payment of $12,000 for their year's work, although either could have received only $6,000 for working the entire year.

The appellants contend that a clerk is entitled to receive the statutory maximum compensation during any calendar year in which he serves in that position, irrespective of the length of his service or of the amount of compensation that has already been paid to the clerk's predecessor in office during the same calendar year. It is readily apparent that if a clerk drew the maximum compensation during a portion of a year, and the township was forced to appoint a new clerk but was prevented from paying him, the township might well be unable to find anyone to accept the position. Or, if someone did accept the position, that person would be forced to perform his duties without compensation, even if he performed those duties for a far longer period than his predecessor in office.

The statute itself provides no clear indication that either of the results contended for was intended by the General Assembly. The General Assembly did provide for limiting the compensation paid to a clerk and a deputy clerk, appointed temporarily. R. C. 507.02 provides that the board of township trustees "shall, by resolution, adjust and determine the compensation of the clerk and

deputy clerk. The total compensation of both the clerk and any deputy clerk shall not exceed the sums fixed by Section 507.09 of the Revised Code in any one year." But R. C. 507.09 is silent concerning the limit of compensation when two or more clerks serve successively in a single year; and the attempt to divine an answer to this question from the statutory language, when it is evident that the General Assembly did not consider the question, would be artificial and futile.

R. C. 1.47 provides that "In enacting a statute, it is presumed that:

"* * *

"(C) A just and reasonable result is intended;

"(D) A result feasible of execution is intended."

The just and reasonable result in determining the maximum compensation to which a township clerk is entitled is quite obvious—he should be paid for the period during which he actually serves. Plainly, the statute intends both that the clerk be paid a reasonable compensation and that the expense which townships must accordingly bear be limited. Both of those purposes are accomplished simply by pro-rating the maximum compensation in accordance with the length of service rendered. If the clerk is entitled to $6,000 for a year, he should be entitled to $3,000 for 6 months, $500 for a month, and so on. In this case, the payments to the appellants for their respective terms of service during 1975 were made in accordance with this formula, and their appeals, therefore, are not well taken.

By the same reasoning, appellant Linus Ryland is entitled to receive compensation for his service during the last eleven days of 1973. The township trustees should not have paid the entire year's compensation to a clerk before he served the entire year, or they should have recovered the overpayment from the previous clerk; their error does not relieve them of the duty to pay appellant Linus Ryland compensation for the services he rendered. He claims $2,835.82 for his 1973 tenure of eleven days. By our calculation, if he would have been entitled to compen-

sation of $6,000 for the 365 days in a year, he is entitled to a proportional amount, $180.84, for eleven days.

The appellees argue that appellant Linus Ryland has forfeited his right to claim an increase in compensation, or has become estopped, because he left office without making any such claim. However, appellees cite no applicable statute of limitations, and the stipulations of fact are not sufficient to raise an equitable defense of estoppel or laches.

The cause is accordingly remanded to the Court of Appeals, with instructions that a writ of mandamus be allowed on behalf of appellant Linus Ryland and judgment entered in the amount of $180.84.

*It is so ordered.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.