PAULIN ET AL., APPELLANTS, *v.* JOHN R. JURGENSEN CO. ET AL., APPELLEES.

(No. C-810907—Decided September 1, 1982.)

Chalfie & Chalfie Co., L.P.A., Mr. James J. Chalfie and Mr. Bruce B. Whitman, for appellants.

Mr. David P. Faulkner, for appellee John R. Jurgensen Co.

Mr. Daniel J. Schlueter, for appellee city of Cincinnati.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiffs-appellants filed their complaint asserting in five separately stated causes of action that they were damaged, in person and property, as a proximate result of the negligence or the willful and wanton misconduct of defendants-appellees in causing a manhole cover to be raised on a public street, in connection with street repairs, which obstruction was collided with as Mary Paulin drove her automobile over it. In due course, appellees filed motions for summary judgment, supported by the deposition of Mary Paulin, which motions were opposed by appellants, supported by several affidavits. After considering memoranda and arguments, the trial court granted said motions, rendering summary judgment in favor of appellees. An opinion was filed by the court, entered October 30, 1981, giving as the reason for granting summary judgment the contributory negligence of Mary Paulin in failing to observe the assured-clear-distance-ahead

rule set forth in R.C. 4511.21, although rejecting the argument most vigorously pressed by appellees that Paulin had failed to behave prudently with respect to a discernible object in her pathway under the "known peril" rule of *Raflo* v. *Losantiville Country Club* (1973), 34 Ohio St. 2d 1 [63 O.O.2d 1]. Appeal was timely taken therefrom with three assignments of error presented for review, all of which, however, direct themselves to the ultimate asserted error in granting the Civ. R. 56 motion.

We have had many occasions to examine the office of the motion for summary judgment in connection with assertions of contributory negligence. It is said that, in the usual course, the question of contributory negligence is peculiarly a question for the jury. See, *e.g., Joseph* v. *Portsmouth* (1975), 44 Ohio St. 2d 155 [73 O.O.2d 456]; *Clark* v. *Becker Discount Drug Co.* (Ohio App. 1975), [72 O.O.2d 188] 322 N.E. 2d 679; *Mizenis* v. *Sands Motel, Inc.* (1975), 50 Ohio App. 2d 226 [4 O.O.3d 184]. While summary judgment upon the point may be appropriate under certain circumstances, *e.g., Leighton* v. *Hower Corp.* (1948), 149 Ohio St. 72 [36 O.O. 432]; *Ashcraft* v. *Lodge* (1963), 118 Ohio App. 506 [26 O.O.2d 14], appeal dismissed, 175 Ohio St. 232, it is nevertheless clear that it is not appropriate where there exists any genuine issue of material fact manifested by the properly cognizable evidentiary material placed before the trial court. Civ. R. 56(C). *E.g., Bober* v. *Cincinnati Shaper Co.* (Ohio App. 1974), [68 O.O.2d 317] 322 N.E. 2d 305; *Norman* v. *Thomas Emery's Sons, Inc.* (1966), 7 Ohio App. 2d 41 [36 O.O.2d 95]; *Burgard* v. *Eff* (1965), 1 Ohio App. 2d 483 [30 O.O.2d 503]. So here, where we conclude from a review of the record, including the pleadings, the deposition of appellant and the two affidavits submitted by appellant, that the case was simply not one in which reasonable minds could come to but one conclusion, adverse to appellants. See *Jackson* v. *Kings Island* (1979), 58 Ohio St. 2d 357 [12 O.O.3d 321];

*Thomas H. Maloney & Sons, Inc.* v. *E. W. Scripps Co.* (1974), 43 Ohio App. 2d 105 [72 O.O.2d 313], certiorari denied, 423 U.S. 883.

Thus, while appellees rely upon the assured-clear-distance-ahead rule and upon the "known peril" rule of *Raflo, supra,* the record clearly demonstrates the existence of a genuine issue as to each. As to the first of these defenses, while it is conceded that appellant in fact saw the raised manhole before she ran her car over it, it is clear that it only became visible to her when she was but ten feet away, and that she would have been prevented from taking evasive action by the presence of an oncoming car in the opposite lane. Instead, she straddled the object with her automobile, it engaged the undercarriage of the car bringing the car to an abrupt stop, causing the damages to the car and injuries to her person complained of. As to its existence as a "discernible object," the affidavit of one Carl Waddell states, *inter alia,* that his automobile had earlier collided with the raised manhole cover at 6627 Rainbow Lane, that it was raised three to four inches, and that the "dangerousness of the raised manhole cover was not apparent until he was almost on top of the manhole cover, and there were no warnings or barricades."

In *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5 [3 O.O.3d 4], the Supreme Court first rejected the "collision equals violation" interpretation of R.C. 4511.21, and reiterated the four requirements for a determination of a violation of the assured-clear-distance-ahead statute, namely: (i) the object was ahead of the putative tortfeasor in his line of travel; (ii) it was either stationary or proceeding in the same direction; (iii) it did not suddenly appear in the driver's path; and (iv) it was reasonably discernible to the driver. In the *Blair* case, as here, the question involved the *discernibility* of the object, and the philosophy governing the disposition of such question was stated in the following terms:

"That the discernibility of an object, regardless of its size, should be a jury question where the evidence of discernibility is sufficient to make reasonable persons disagree is supported by policy reasons and the holdings of other jurisdictions as well. To begin with, the goals of the tort system are probably better served by a jury determination of the facts than by judge-made determinations of law.

"Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law. As Dean Prosser says, in doubtful cases questions should be sent to the jury 'because the public insists that its conduct be judged in part by the man in the street rather than by lawyers, and the jury serves as a shock absorber to cushion the impact of the law.'

"Furthermore, as the policy reasons behind holding drivers negligent *per se* for collisions have become less compelling over the years, virtually all other states, whether their assured-clear-distance rules are statutory or judge made, have held discernibility to be a jury question.

"For the foregoing reasons, we hold that whether an object is discernible under a given set of circumstances is a question of fact, and, when reasonable minds could reach different conclusions from the evidence presented upon the question, a motion for a directed verdict upon that basis should be overruled." *Id.*, at 9-10 (footnotes omitted).

In that case, the court held that a break in the street pavement — a twelve foot by six foot hole, three feet deep — was not, for purposes of a directed verdict, a discernible object in the path of the driver bringing into play a violation of R.C. 4511.21 and constituting contributory negligence *per se*. So here, where, construing the evidence most strongly in favor of the party against whom the motion was directed, we conclude that a jury question was presented as to whether the raised manhole cover was reasonably discernible to appellant in sufficient time to avoid the peril. *Id.*, at 10-11; *Tomlinson* v. *Cincinnati* (Dec. 9, 1981), Hamilton App. No. C-800967, unreported, affirmed (1983), 4 Ohio St. 3d 66. See, also, *Lewis* v. *Certified Oil Co.* (1981), 67 Ohio St. 2d 277 [21 O.O.3d 174]; and *Reed* v. *Molnar* (1981), 67 Ohio St. 2d 76 [21 O.O.3d 48].

As to the second issue raised by appellees in defending their right to the instant summary judgment, the "known peril" doctrine said to arise from the *Raflo* decision, we conclude that the evidence is simply not determinative of the issue for purposes of a Civ. R. 56 motion. Unlike *Raflo,* appellant here did not earlier travel the identical path in which the peril lay. It is true that shortly before the accident in question, appellant had driven the same road in the *opposite* direction, but the only evidence before the court was that the raised manhole cover was not in the lane traveled on the earlier trip, and while appellant knew that construction was underway on the road surface, she was unaware of the particular peril which faced her on the return journey in the form of a raised manhole cover on that side of the roadway. The trial court, choosing rather to predicate its judgment on the basis of R.C. 4511.21, recognized the problem of applying *Raflo,* stating:

"*Raflo* would be applicable only as to the question of knowing that work was being done on the street over which she was traveling from traversing the road going the *other way.*"

While we would not state the rule so broadly,[1] the trial court nonetheless correctly concluded that the issue was not

---

[1] There are obviously circumstances in which a peril may become known from earlier experience although not then placed directly *in the path* of the observer.

one for summary judgment on the basis of a "known peril." See *Joseph* v. *Portsmouth, supra; Mizenis* v. *Sands Motel, Inc., supra.*

Finally, appellants argue that summary judgment was improperly granted as to their count alleging willful and wanton misconduct on the part of appellees. This derives, in principal part, from the averments in the above-described affidavit of Carl Waddell to the effect that on July 25, 1979, six days before the instant occurrence, he had collided with the manhole cover on Rainbow Lane, and had called the Highway Maintenance Department of the city to complain "* * * that the raised manhole cover was dangerous and had caused the aforementioned collision." The receipt of this call was acknowledged by one Matt Manion, an administrator in the city's Highway Maintenance Department. The foregoing evidentiary assertions were not controverted by appellees, who instead argue that raising a manhole cover three to four inches in a public roadway does not, as a matter of law, constitute wanton and willful misconduct.

Whatever may have been the case before the experience of Waddell on July 25th, it is clear to us that a jury question existed thereafter as to whether the absence of any remedial measures by appellees toward the offending object blocking the roadway constituted a failure to exercise any care whatsoever toward those to whom they owed a duty of care, and under circumstances in which there existed a probability that harm would result. *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114 [4 O.O.3d 243]. See, also, *Matkovich* v. *Penn Central Transp. Co.* (1982), 69 Ohio St. 2d 210 [23 O.O.3d 224]; *Pisel* v. *ITT Continental Baking Co.* (1980), 61 Ohio St. 2d 142 [15 O.O.3d 175].

The assignments of error are well-taken, the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed and cause remanded.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.