DISSENTING OPINION
 A jury trial is an exercise in seeking out the truth. It is a mechanism designed to place responsibility where it properly belongs. To that end, jurors are presented with all relevant facts and instructed by the court on all relevant law. If there is a shortage of either of those two commodities, facts or law, the decision of the jury will be defective.
It is therefore incumbent upon all courts to guarantee, within reason, that every jury has every fact available before they must make their decision. It is equally important that courts provide jurors with every relevant law which will help them sort out their responsibilities to both parties. It is tragic, in my mind, when any court permits jurors to set about their task of deciding a case when they are in possession of an incomplete set of facts, or an incomplete explanation of the law. It is simply not good enough for this, or any other court, to justify such a shortcoming with a finding that some lawyer or litigant did not explain his position with sufficient particularity to sound the alarm. Facts are facts and the law is the law. If a jury makes a decision without a sufficient quantity of either, justice has not been served.
Most litigants have but one day in court in a lifetime. It is incumbent upon the judicial system to guarantee, whenever possible, that all issues are resolved by that day in court. To achieve that end, trials must be resolved on merits; and outcomes must not be determined by errors of omission or commission. Justice requires no less.
The facts in this case are not overly difficult. A truck was backing into a driveway in darkness in a fashion which left its headlights in the eyes of oncoming traffic. The truck's trailer may or may not have been seen in a timely fashion by plaintiff. The trucker obviously claims he performed this dangerous maneuver in a safe fashion and in enough time to establish his own "right of way" over the disputed piece of pavement. On the other hand, the plaintiff claims that his "right of way" was taken away by the truck blocking his lane of travel. That clearly is a question of fact for the jury, and the only way the factual dispute can be resolved is for the jury to fully understand the law of "right of way."
Either the car or the truck had the "right of way" in this situation, and this dispute really is that simple. Unfortunately, the trial court refused to give a jury instruction on the law of "right of way" although plaintiff's counsel requested one. Further, although not requested at the close of trial, the court also failed to adequately explain the law of "discernibility" to the jury. The question of discernibility of an object was at the heart of this negligence action. It is to be remembered that the driver of the car was driving into a "wall of light" which was created by the truck's headlights. Without an adequate legal explanation of the law of discernibility, this jury simply could not do its job. They are not permitted to guess, and no one told them what the law was. I simply cannot support the majority's rationale that this issue was somehow waived when counsel only raised it once, albeit in chambers, and was told directly by the court that the instruction was not going to be given.
It is undisputed that plaintiffs sought a jury instruction on the question of "right of way" and that the request was denied by the trial court. More subtly, but of equal significance, it is also clear that at one point the judge was asked to consider charging the jury on the question of "DISCERNIBILITY" as defined by the Supreme Court of Ohio in McFadden v. Elmer C. BreuerTransportation Co. (1952), 156 Ohio St. 430. That request also, although inartfully proposed, was denied by the court. Thus, the question becomes whether this jury was aware of the correct law when it commenced its deliberations. I would suggest they were not.
It is elementary law in Ohio that a motorist on the highway enjoys the "right of way" in his line of travel. Such a right is not absolute, however, and is subject to limitations depending on the facts of an individual case. For example, a motorist traveling on Main Street who sees a disabled car in his path in the distance is not free to ram the disabled vehicle and expect to escape liability on a "right of way" theory. Logically, the concept of "right of way" has limitations which require the diligent use of "assured clear distance" from vehicles in front of any motorist. Naturally, the concept of "assured clear distance" must, as a condition-precedent, require that the motorist have actual visual contact with the other vehicle before the duty to assure the distance arises.
In a case which is remarkably similar to this one, the Supreme Court of Ohio in Sharp v. Norfolk Western Ry. Co.
(1988), 26 Ohio St.3d 172, took the opportunity to provide guidance in this admittedly difficult area of the law. In Sharp, a snowmobile rider was killed when he collided with a stationary flatbed car at a railroad crossing. Obviously, if you rule out the concept of suicide, the question of discernibility would have to be resolved before you can address the question of the driver's duty to maintain an "assured clear distance" ahead and the parallel concept of "right of way." It is simply not possible to answer one question without evaluating the other. As stated by the Supreme Court of Ohio:
"The `assured-clear-distance-ahead' rule found in R.C.4511.21(A), provides in relevant part:
 "`* * * [N]o person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.'
 "In McFadden v. Elmer C. Breuer Transp. Co. (1952), 156 Ohio St. 430, 46 O.O. 354, 103 N.E.2d 385, we held that violation of the statute and a finding of negligence per se
depend on whether there is evidence that the driver collided with an object which was, inter alia, reasonably discernible. See, also, Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 3 O.O.3d 4, 358 N.E.2d 634; and Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66, 4 OBR 155, 446 N.E.2d 454.
 "In Tomlinson, supra, at 69, 4 OBR at 158, 446 N.E.2d at 456, we observed:
 "`Where conflicting evidence is introduced as to any one of the elements necessary to constitute a violation of the statute, a jury question is created.'
 "Not surprisingly, public policy reasons underlie the favored approach of submitting questions of reasonable discernibility to a jury, as was noted by this court in Blair, supra, at 9, 3 O.O.3d at 6, 358 N.E.2d at 637:
 "`That the discernibility of an object, regardless of its size, should be a jury question where the evidence of discernibility is sufficient to make reasonable persons disagree is supported by policy reasons and the holdings of other jurisdictions as well. To begin with, the goals of the tort system are probably better served by a jury determination of the facts than by judge-made determinations of law.
 "`Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law. * * *' Accord Junge v. Brothers (1985), 16 Ohio St.3d 1, 16 OBR 254, 475 N.E.2d 477." Id. at 174.
Following the precedent established by the Supreme Court of Ohio, it is clear that it was error for the trial court to refuse plaintiff's request for an instruction on the question of "right of way." Plaintiff was denied his day in court by virtue of the fact the jury was not properly instructed on the law covering this tragic collision.
___________________________________
JUDGE WILLIAM M. O'NEILL