OPINION
In this accelerated calendar case, appellant, Melissa L. Martin ("Martin"), appeals from the judgment of the Trumbull County Court of Common Pleas. The court granted appellee, city of Warren's ("the city"), motion for summary judgment. This case arises out of an injury Martin allegedly sustained when she fell into a "water box" located on city property.
On January 20, 1997, Martin parked her car on Market Street adjacent to Courthouse Square in downtown Warren, Ohio. Next to where Martin parked, in the area between the sidewalk and the road, the city had placed a water box. This box covered a water pipe which was used to provide water for festivals held in the square. It was in an area where rainwater drained towards the road. It is not apparent from the submissions of the parties exactly how this box was constructed and covered. In part, it was leveled off by loose bricks and dirt. It was covered by a lid. Apparently, over a period of time, the water run-off from Courthouse Square washed some of the surrounding dirt away, causing the box to sink and the lid to become unstable.
A supervisor from the city's water department, David Sferra, gave testimony by deposition in this case. He stated that each time the department hooked up the pipe for use at a festival, a water department employee looked at the box. That last occurred in the month of August 1996, approximately five months prior to Martin's injury in January 1997. Sferra stated that no one from the water department had noticed that there was a problem with the box immediately prior to the incident because the box was covered with snow.
When Martin returned to her car on January 20, 1997, she was in the process of putting her son in his car seat when she slipped through the lid on the water box and fell into it. She was injured and subsequently filed suit. The city filed a motion for summary judgment. The city argued it was immune from liability under R.C. 1533.181, the recreational user statute and, in the alternative, that it had neither knowledge nor notice of the defective condition. In a terse judgment entry, the trial court granted the city's motion, stating "[d]efendant City of Warren's motion for summary judgment granted. Costs to plaintiffs. Case concluded." From this judgment, Martin timely filed her notice of appeal.
In her first assignment of error, Martin argues the trial court erred in concluding that the city was immune from liability under R.C. 1533.181. In brief, R.C. 1533.181 establishes that an owner of a premises open to the public for recreational use does not owe a duty to a recreational user to keep the premises safe for entry or use, does not extend any assurance that the premises are safe for use, nor assumes responsibility or liability for any injury caused by any act of a recreational user. InJohnson v. New London (1988), 36 Ohio St.3d 60, the Supreme Court of Ohio held that R.C. 1533.181 provides a municipality with immunity from tort liability to a recreational user to the same extent the statute provides immunity to the owner of private land.
"A person who enters or uses municipal land that is held open to the general public free of charge for recreational pursuit is a recreational user." LiCause v. Canton (1989), 42 Ohio St.3d 109, syllabus. The existence of statutory immunity does not depend upon the specific activity pursued by a plaintiff at the time of the plaintiff's injury.Miller v. Dayton (1989), 42 Ohio St.3d 113, 115. "In determining whether a person is a recreational user under R.C. 1533.18(B), the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." Id. at paragraph one of the syllabus. Thus, if the land on which Martin was injured is determined to be property held open to the public for recreational pursuit, the city would be immune from liability under the statute.
Martin argues R.C. 1533.181 is not the code section which governs this fact pattern, rather, Martin argues R.C. 2744.02 is controlling. R.C.2744.02 establishes the liability of political subdivisions under certain conditions. The applicable version of R.C. 2744.02 is the Pre-HB 350 (Tort Reform Act) version of this section, effective September 28, 1994, as the subsequent amended versions were stricken by the ruling of the Supreme Court of Ohio in State ex rel. Ohio Academy of Trial Lawyers v.Sheward (1999), 86 Ohio St.3d 451. The court held that Am.Sub.H.B. No. 350 was "unconstitutional in toto." Klien v. Portage Cty. (2000),139 Ohio App.3d 749, 751, citing Ohio Academy of Trial Lawyers v.Sheward, (1999) 86 Ohio St.3d 451, at paragraph three of the syllabus.
R.C. 2744.02(B)(3) states that political subdivisions are liable for injury to persons caused by the subdivision's failure to keep public grounds within the political subdivisions open, in repair, and free from nuisance. Additionally, R.C. 2744.02(B)(4) states, in brief, that political subdivisions are liable for injury to persons caused by the negligence of their employees which occur within, or on the grounds of, buildings that are used in connection with the performance of governmental functions, including courthouses.
Upon review of the applicable case law and statutes, we conclude that neither R.C 1533.181, nor R.C. 2744.02 provide the controlling law. R.C.723.01 is the applicable statute. In Joseph v. Portsmouth (1975),44 Ohio St.2d 155, the Supreme Court of Ohio held that the obligations imposed on a municipality by R.C. 723.01 apply to the park strip. The park strip being the area between the curbing of a street and the pavement of the sidewalk. Id. at 157. By extension, generally, the park strip is considered a part of the traveled portion of the roadway. The applicable version of R.C. 723.01 is the pre-tort reform version, which states:
 "Municipal corporations shall have special power to regulate the use of the streets. Except as provided in section 5501.49 of the Revised Code, the legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance."
Among the triable issues under this statute are the questions of whether Martin was on a traveled portion of the roadway, the conditions which caused the injury, and whether Martin was using the park strip in an expected and ordinary manner. Therefore, it was inappropriate to resolve this matter by summary judgment.
Martin's second assignment of error addresses the city's contention that it had neither knowledge nor notice of the defective condition of the water box and, consequently, it could not be held liable as a matter of law. "Under Ohio law the existence of duty depends on the foreseeability of the injury." Littleton v. Good Samaritan Hospital Health Ctr. (1988), 39 Ohio St.3d 86, 92.
 "In order to charge a municipality with constructive notice of a nuisance, `it must appear that such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger or an invasion of private rights.'" (Emphasis added.) Tyler v. Cleveland (1998), 129 Ohio App.3d 441, 445, citing Beebe v. Toledo (1958), 168 Ohio St. 203, second paragraph of syllabus.
In her response to the city's motion for summary judgment, Martin attached both a written statement and a partial transcript of the deposition testimony of David Sferra, a supervisor with the city's water department. The information contained therein was sufficient to raise questions of fact as to whether the city could or should have discovered the potential existence of a nuisance.
Under the facts of this case, reasonable minds could come to different conclusions as to whether the city was on constructive notice of the defective condition of the water box. Thus, this issue is inappropriate for resolution by summary judgment. Appellant's assignments of error have merit. The judgment of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion.
FORD, J., concurs, CHRISTLEY, J., concurs in judgment only with Concurring Opinion.