Given the evidence before the trial court, I agree that summary judgment was not appropriate in this case. Nevertheless, I disagree with the majority's conclusion that the question of whether appellee had constructive notice of the water box's defective condition was unsuitable for summary judgment. Therefore, I respectfully concur in judgment only.
R.C. 723.01 clearly imposes a duty upon a municipal corporation to keep public grounds "open, in repair, and free from nuisance." See, also,Joseph v. Portsmouth (1975), 44 Ohio St.2d 155, 157-158; Berger v. PortClinton (1993), 96 Ohio App.3d 45, 48. In order to hold a municipal corporation liable for a violation of R.C. 723.01, the injured party must be able to show either that the municipality's agents or officers actually created the problem, or that it had notice, actual or constructive, of the alleged nuisance. Vogel v. Wells (1991),57 Ohio St.3d 91, 97; Ruwe v. Bd. of Springfield Twp. Trustees (1987),29 Ohio St.3d 59, 60.
In the case at bar, there is nothing to indicate that appellee had actual notice of the water box's defective condition. However, as the majority correctly notes, reasonable minds, presented with the same evidence introduced during the summary judgment exercise, could come to different conclusions with respect to whether appellee had constructive notice of the condition.
Constructive notice will be found where: (1) the unsafe condition existed in such a manner that it could have or should have been discovered; (2) the unsafe condition existed for a sufficient length of time to have been discovered; and (3) if the unsafe condition had been discovered it would have created a reasonable apprehension of a potential danger. Harp v. Cleveland Hts. (2000), 87 Ohio St.3d 506, 512. Furthermore, "constructive notice may be inferred where it is foreseeable that a hazardous condition is likely to occur." Berger at 48.
Despite the lack of evidence to suggest appellee had reason to suspect the water box posed a danger to the public, appellee did inspect the box approximately five months before the incident. The purpose of this inspection, at least in part, was to ascertain the condition of the water box and assess its potential to cause injury.
Taken into consideration with David Sferra's letter to appellee's law department, in which Sferra explained that the water box in question was located in an area where rainwater had washed away the dirt from around the box causing the lid to become unstable, appellant presented sufficient evidence to create a genuine issue of material fact concerning whether appellee had constructive notice of the alleged nuisance. In other words, based on the evidence, a jury could reasonably conclude that appellee could or should have discovered the dangerous condition prior to the incident, and that the discovery would have created a reasonable apprehension of a danger to a passerby.
That being said, however, I disagree with the majority's conclusion that the issue of constructive notice was "inappropriate for resolution by summary judgment." For example, if appellee would have presented some evidence, expert or otherwise, in its motion for summary judgment concerning the effects of rainwater on the water box, or the need and frequency of reasonable inspections, certainly one would agree that appellee did what it could to prevent the accident. Stated differently, simply because appellee did not properly support its motion does not inexorably mean that summary judgment was unsuitable; rather, it merely means that, considering the evidence actually presented, there still remained a genuine issue of material fact.
For the foregoing reasons, I respectfully concur in judgment only with the opinion of the majority.