NICE et al.

v.

OHIO DEPARTMENT OF TRANSPORTATION.

2003-Ohio-1778.]

Court of Claims of Ohio.

No. 2001–11561.

Decided March 26, 2003.

William A. Davis and James A. Stern, for plaintiffs.

Jim Petro, Attorney General, and Patrick J. Piccininni, Assistant Attorney General, for defendant.

---

J. WARREN BETTIS, Judge.

{¶ 1} Plaintiff, Mark L. Nice, filed this action alleging negligence on the part of defendant, Ohio Department of Transportation ("ODOT"), in failing to adequately warn motorists of the presence of a fallen tree that was blocking the roadway. Plaintiff's truck collided with the tree, causing personal injury to plaintiff as well as property damage.[1] ODOT denied liability and asserted that plaintiff's failure to maintain an assured clear distance ahead was the sole proximate cause of the accident.

{¶ 2} The issues of liability and damages were bifurcated for trial, which proceeded on the matter of liability. At the close of presentation of the evidence, the court ruled that defendant was negligent for failing to use ordinary care to warn motorists of a known hazard. Thus, the only remaining issue is whether plaintiff failed to exercise due care for his own safety by not maintaining an assured clear distance ahead.

{¶ 3} The accident in question occurred at night in a rural area where the roadway is not illuminated. Plaintiff testified he was driving north on State Route 43, that the conditions were clear and dry and the moon was not visible, that he was very familiar with the area as he had driven this route to work often, and that he was awake, alert, and well rested prior to the collision. Plaintiff stated that he was driving at or near the posted speed limit of 55 miles per hour when he approached the area where the accident occurred. He described seeing a vehicle stopped in the southbound lanes, facing his direction, with a small yellow strobe light on the roof, four-way flashers and headlights illuminated. Plaintiff stated that he decelerated to about 45 miles per hour as he continued toward the work site. Plaintiff testified that he routinely came upon utility workers or trash trucks performing maintenance activities beside the roadway and that the sight of such activity did not alert him to the fact that there might be an obstruction in the roadway. According to plaintiff, as he reached the area where the vehicle was stopped, he was momentarily blinded by the other vehicle's headlights and was unable to make out the object in front of his path before colliding with it. Plaintiff explained that defendant's employees had positioned their vehicle paral-

---

1. Plaintiff, Christie Nice, has asserted a claim for loss of consortium. For purposes of clarity, plaintiff, Mark Nice, shall be referred to as plaintiff throughout this decision.

lel to and not behind the tree so that the tree was not illuminated in the headlights but was in fact completely hidden in the shadows. Plaintiff testified that there were no warning signs posted or flares burning, and that no workers stepped forward to warn motorists that the path of travel was completely blocked.

{¶ 4} ODOT's employee, Mark Manfull, also testified as to the events that occurred on State Route 43. Manfull stated that he had responded to an earlier call that evening to help direct traffic at the scene of a fire, where he depleted the supply of flares contained in the ODOT truck. Manfull admitted that when he was called out at midnight to remove the tree from the roadway, he failed to replenish the truck with flares. Manfull acknowledged that although the ODOT garage was well supplied with various signs, flares, orange barrels, and cones, he elected to depart the garage with only a chainsaw and a gas can. Manfull stated that he then traveled with a coworker to the scene and set about cutting up the tree. Manfull maintained that the truck was equipped with a strobe light, four-way flashers, and headlights that were in use, but he added that he had also brought a small spotlight with a spring-clip, which he attached to a windshield wiper. Manfull testified that he directed this portable light source toward the top of the tree where the smaller branches were. Manfull stated that he stood on the north side of the tree and began removing branches, which his assistant, John Webb, carried away. Manfull described the tree as having a large diameter, and that it covered both the north and south lanes of the roadway, with the tip of the tree resting on the guardrail and the exposed roots lying in the opposite ditch.

{¶ 5} Defendant contends that plaintiff is at fault for operating his vehicle at a speed that was unreasonable, excessive, or improper under the circumstances and that plaintiff was negligent in failing to maintain an assured clear distance ahead.

{¶ 6} R.C. 4511.21(A) states as follows:

{¶ 7} "(A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."

{¶ 8} To establish a violation of R.C. 4511.21(A), the evidence must show that a driver collided with an object that (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. *Blair v. Goff–Kirby Co.* (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 358 N.E.2d 634.

{¶ 9} The court finds that the tree in the roadway was not reasonably discernible due to the actions of defendant in placing a vehicle in such a manner as to obscure the hazard. The object encountered by plaintiff was essentially hidden from view either partly or completely as a result of the omissions and commissions of defendant's employees. The court further finds that the collision was the foreseeable result of ODOT's failure to warn the public of a known hazard. Although defendant's expert testified by way of deposition concerning visibility and sight-distance, the court gives little weight to Dr. Abrams's opinions.

{¶ 10} Accordingly, the court finds that plaintiff was not contributorily negligent and that defendant's failure to use ordinary care to warn motorists of the obstruction was the sole proximate cause of the accident. Thus, judgment is hereby rendered in favor of plaintiffs. The court will schedule this case for trial on the issue of damages in the normal course.

Judgment accordingly.

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.