BRYANT, APPELLANT AND CROSS-APPELLEE, *v.* LAWSON MILK COMPANY, APPELLEE AND CROSS-APPELLANT.

(No. 84AP-342—Decided
April 18, 1985.)

*Sanford, Fisher, Fahey & Schwarzwalder Co., L.P.A., Richard P. Fahey* and *Marty Anderson,* for appellant.

*Porter, Wright, Morris & Arthur* and *Thomas A. Young,* for appellee.

STRAUSBAUGH, J. Plaintiff, Sheila Bryant, appeals from the judgment of the Franklin County Court of Common Pleas granting defendant's motion for summary judgment. In support of her appeal, plaintiff raises the following two assignments of error:

"1. The court erred in its finding that there is no question of fact from which it could be found that defendant's conduct was with deliberate intent to injure its employee.

"2. The court erred in removing from the proper purview of the jury the issue of intent as it applies to the exception from employer-immunity under *Blankenship* v. *Cincinnati Milacron Chemicals, Inc.,* 69 Ohio St. 2d 608 [23 O.O.3d 504] (1982)."

Defendant has filed a limited cross-appeal from the trial court's judgment and raises the following two assignments of error:

"1. In sustaining Lawson's motion for summary judgment, the trial court erred in failing to rule on that part of the motion which contended that this litigation was barred due to the actions of plaintiff in applying for and receiving from Lawson Ohio workers' compensation benefits based on the same incident which is the subject of the present lawsuit.

"2. The trial court erred in failing to rule that this litigation was barred due to the actions of plaintiff in applying for and receiving from Lawson Ohio workers' compensation benefits based on the same incident which was the subject of the present lawsuit."

Plaintiff has filed a motion to dismiss defendant's cross-appeal and asks this court to reconsider its decision to transfer her appeal from the accelerated to the regular calendar. It is plaintiff's contention that, since there is no conclusion of law or finding of fact adverse to defendant, there is nothing from which defendant may appeal.

An appeal lies only on behalf of a party aggrieved by the final judgment appealed from. *Ohio Contract Carriers Assn., Inc.* v. *Pub. Util. Comm.* (1942), 140 Ohio St. 160 [23 O.O. 369]. While the issue of an election of remedies was raised by the defendant in the court below, the trial court did not specifically rule against defendant on that issue. We see no prejudice to defendant by the absence of any ruling on the issue when defendant's motion for summary judgment was granted and judgment was entered in its favor.

However, it should be noted that in its limited cross-appeal defendant does not seek to modify or reverse the previous judgment of the trial court. Defendant's cross-appeal was initiated as a means of preventing the reversal of the previous judgment. Under R.C. 2505.22 "[a]ssignments of error may be filed on behalf of an appellee which shall be passed upon by a reviewing court before a judgment or order is reversed in whole or in part. * * *" It has been held that pursuant to R.C. 2505.22 an assignment of error for an appellee who has not appealed from a judgment may be considered by a reviewing court when raised to prevent a reversal of the judgment below. *Duracote Corp.* v. *Goodyear*

*Tire & Rubber Co.* (1983), 2 Ohio St. 3d 160, 163; *Parton* v. *Weilnau* (1959), 169 Ohio St. 145 [8 O.O.2d 134], paragraph seven of the syllabus; *Loewenstine* v. *Delta Air Lines, Inc.* (1982), 7 Ohio App. 3d 185, paragraph two of the syllabus. While the alleged error of the lower court is not reviewable upon appeal by defendant, the arguments presented in its assignment of error are reviewable under R.C. 2505.22. Plaintiff's motion is therefore overruled; and, because of the unique and precedential value of the issues raised, this case will not be returned to the accelerated calendar.

Early on the morning of May 13, 1983, plaintiff was assaulted, beaten and raped while working as a store clerk in a Lawson company retail store located at South Fourth Street. Plaintiff was working at the store alone when the incident occurred. On November 16, 1983, plaintiff filed suit against defendant, the Lawson Milk Company ("Lawson"), alleging that by requiring plaintiff to work in unsafe conditions, without reasonable means of summoning help, without any training or instructions in handling violent situations at the store and with knowledge that employees working in retail stores are subject to armed robberies, assaults, rapes and other acts of physical violence, especially during the hours worked by plaintiff, defendant engaged in willful, wanton and intentional misconduct against plaintiff. Defendant responded to the complaint by admitting that plaintiff had indeed been assaulted, beaten and raped, but denied any liability for the incident and asserted that plaintiff's sole remedy for the injuries she sustained was through the workers' compensation laws. Defendant also claimed that because plaintiff had applied for workers' compensation benefits she was barred by the doctrine of election of remedies from pursuing this action. In the alternative, defendant claimed that by applying for benefits plaintiff had waived, or was estopped from asserting, any common-law claims against defendant based upon the incident.

Defendant subsequently amended its answer, claiming that it was without knowledge or information to determine if plaintiff was injured as alleged and that, in a subsequent administrative proceeding it was determined that the incident described was accidental and, therefore, the present action was barred by the doctrine of collateral estoppel.

On February 17, 1984, defendant filed a motion for summary judgment asserting that plaintiff was barred by Section 35, Article II of the Ohio Constitution and R.C. 4123.74 from pursuing this action since she chose to pursue her remedy against defendant, a self-insured employer, for her work-related injury, and that reasonable minds could not conclude that defendant intentionally injured plaintiff. In support of its motion, defendant included the affidavits of Gary Hanson, the safety and risk insurance manager for Lawson, a copy of an application filed by plaintiff for payment of compensation and medical benefits, and a copy of plaintiff's responses to defendant's request for admissions. Plaintiff responded to defendant's motion by arguing that under the Supreme Court case of *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O.3d 504], the issue of intent is to be decided by the trier of fact; and, therefore, based upon the allegations in plaintiff's complaint a question of fact existed as to the nature of defendant's misconduct which could not be removed from consideration by the trier of fact through summary judgment. Plaintiff also argued that she was not precluded from pursuing the present action merely because she had applied for workers' compensation benefits because, under the circumstances, she was unable to make a knowing and informed election. In support of her memorandum contra to defendant's mo-

tion, plaintiff included affidavits from Debbie Goodall, the manager of the South Fourth Street Lawson store, Columbus police officer Carl Call, defendant's answers to plaintiff's first set of interrogatories and her own affidavit.

On March 19, 1984, the trial court granted defendant's motion, finding that there was no question of fact from which it could be found that defendant's conduct was with deliberate intent to injure its employee. Judgment was thereby rendered in favor of defendant with costs taxed to plaintiff.

Because plaintiff's two assignments of error are interrelated they will be considered together. Plaintiff argues that the trial court erred by failing to find that a material issue of fact existed from which it could be found that defendant's conduct constituted an intentional tort. The Supreme Court in *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, has recently set forth the definition of an intentional tort. The first paragraph of the syllabus in *Jones* specifically states:

"An intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur."

The Supreme Court in *Jones* rejected the proposition that a specific intent to injure is necessary for a finding of intentional misconduct. So long as there is a "substantial certainty" that harm will occur to others if the actor proceeds, the intent to injure may be inferred. *Jones* involved three separate actions against employers by an employee or his family. In case No. 84-139 summary judgment was granted in favor of defendant, VIP Development Company ("VIP"), for reasons that the plaintiffs had failed to raise any genuine issue of material fact. In reversing the judgment of the lower court, the Supreme Court found that the facts as alleged were such that reasonable minds could differ as to whether the defendant's conduct was in-

tentional. *Id.* at 96. The plaintiffs were working at a company-owned construction site, installing a sewer line, and the boom of a hydraulic excavator came into contact with a high voltage, electrical power line, severely injuring plaintiffs. The plaintiffs alleged in their complaints that VIP "* * * 'knew, or should have known, that employees and other frequenters would be on the premises * * * and would be in close proximity to high voltage electric lines; * * * [and that] VIP took no steps to inspect * * *' " and make the premises safe, or to warn others of the danger. *Id.* at 95. Although the plaintiffs failed to include the terms "intentional" or "willful" in their complaints, the court found that the complaints constituted a sufficient allegation of intentional misconduct to allow them to proceed.

In the instant case, it was defendant's contention in its motion for summary judgment that an intentional tort under *Blankenship* required a specific intent to injure and that defendant could only be liable if there was evidence to support the theory that Lawson's desired criminal activity in its stores. In support of its motion, defendant cited several of plaintiff's answers to its requests for admissions which indicated that she had no knowledge or proof that defendant or any of its representatives or agents were physically present during the assault or arranged the incident. The trial court granted defendant's motion, ruling that a deliberate intent to injure was required. However, as previously noted, such a specific intent is not necessary under *Jones*. Evidence that the act was committed with the belief that injury was substantially certain to occur is sufficient.

Plaintiff herein alleged in her complaint that defendant failed to provide safe working conditions, that she was not provided with any means of summoning help, that the defendant did not provide any training or instruction in

handling violent situations at the store with knowledge that employees working at retail stores are subject to armed robberies, assaults, rapes and other acts of physical violence, and that, in doing so, it engaged in willful, wanton and intentional misconduct. The evidence submitted by plaintiff in opposition to defendant's motion for summary judgment indicated: that she was required to work alone on the third shift from 11:00 p.m. to 6:00 a.m.; that she had no means of communicating from the store except by pay telephone; that no security devices were provided in the store except for a mounted camera which seldom worked and on the night of the incident had no film; she received no training on personal or employee security; that defendant had experienced two hundred seventy-four robberies in its Columbus area stores in the past five years; and that in the five-year period of May 13, 1978 to May 13, 1983 there had been nine robberies at the South Fourth Street store. Although the information was requested, defendant refused to offer any evidence of the number of employees injured in Lawson stores during a robbery or any injuries occurring at the South Fourth Street store.

Civ. R. 56(C) provides that summary judgment shall be rendered if the pleadings, affidavits, and other proper materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The rule also provides that the adverse party is entitled to have the evidence construed most strongly in her favor. Although under Civ. R. 56(E) an adverse party to a motion for summary judgment may not rest upon the mere allegations or denials of its pleadings and must set forth the specific facts showing that there is a genuine issue for trial, the ultimate burden lies with the moving party in requesting summary judgment to show that no genuine issue of material fact exists. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64 [54 O.O.3d 73].

Based upon the syllabus of the *Jones* decision and the allegations contained in plaintiff's complaint along with the materials presented before the trial court on defendant's motion, a genuine issue of material fact did exist upon which reasonable minds could differ in regard to the question of whether defendant's conduct was intentional. Accordingly, the trial court erred in granting summary judgment for defendant. Plaintiff's two assignments of error are sustained.

As for defendant's cross-assignments of error, the second paragraph of the syllabus in *Jones* is controlling:

"The receipt of workers' compensation benefits does not preclude an employee or his representative from pursuing a common-law action for damages against his employer for an intentional tort."

Therefore, defendant's cross-assignments of error are overruled. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Motion to dismiss defendant's cross-appeal overruled. Judgment reversed and cause remanded.*

REILLY, P.J., and STILLMAN, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Constitution.