STOCKUM, ADMR., APPELLANT, *v.*
RUMPKE CONTAINER SERVICE, INC.
ET AL., APPELLEES.

(No. C-840535 — Decided
June 26, 1985.)

*John K. Issenmann,* for appellant.
*Phillip J. Marsick,* for appellees.

*Per Curiam.* The sole issue raised on this appeal is whether the trial court improperly granted summary judgment in favor of defendants, Rumpke Container Service, Inc. (hereinafter "Rumpke") and David C. Meyers, by

determining from the pleadings and supporting evidentiary documents that defendants, as a matter of law, did not commit an intentional tort which caused the death of Howard R. Broxtermann.

On or about April 2, 1982 at Rumpke's landfill, Broxtermann, while performing a job within the scope of his employment with Rumpke, was struck and crushed by a landfill compactor driven by his fellow employee, defendant David C. Meyers. As a result of the injuries he received, Broxtermann later died. After Broxtermann's death, his surviving spouse and heirs applied for and received workers' compensation benefits arising from the April 2, 1982 incident. Subsequently, plaintiff, as administrator of Broxtermann's estate, commenced the instant action by filing a complaint seeking recovery of damages from defendants for their alleged intentional and malicious acts in causing the death of Broxtermann.[1]

Defendants moved the court below to grant summary judgment in their favor, asserting that based on the pleadings and plaintiff's answers to interrogatories, no genuine issues of material fact existed and defendants were entitled to judgment in their favor as a matter of law. The trial court agreed with defendants and concluded, after considering plaintiff's answers to defendants' interrogatories, that plaintiff had not properly supported his claim that defendants committed an intentional tort which caused Broxtermann's death.

In his single assignment of error in this appeal plaintiff contends that summary judgment was improperly granted because genuine issues of material fact exist as to whether defendants committed an intentional tort causing Broxtermann's death. We find merit in plaintiff's assignment. The Supreme Court has defined an "intentional tort" as "an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, paragraph one of the syllabus. The court in *Jones, supra,* at 96, further stated:

"* * * Where the facts alleged are

---

[1] *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, at paragraph two of the syllabus, holds:

"The receipt of workers' compensation benefits does not preclude an employee or his representative from pursuing a common-law action for damages against his employer for an intentional tort."

While the Supreme Court has not specifically ruled on whether receipt of workers' compensation benefits precludes an employee or his representative from maintaining a common-law action for an intentional tort against a fellow employee, we find that *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O.3d 504], certiorari denied (1982), 459 U.S. 857, its progeny, and their underlying rationale support the conclusion that the employee may maintain such an action. In *Jones, supra,* at 100, the Supreme Court stated:

"Nor are we convinced that a different result is mandated by this court's holding in *Kaiser* v. *Strall* (1983), 5 Ohio St. 3d 91. In that case, we refused to allow a worker, whose injury had been deemed compensable under the [Ohio Workers' Compensation] Act, to pursue a civil action against her fellow worker who had caused the injury. The fellow-servant immunity conferred by R.C. 4123.741 was considered to be controlling. *Kaiser,* however, is readily distinguishable from the instant causes in that the plaintiff therein was attempting to recover damages under a negligence theory, rather than one of intentional tort. Common-law damages are clearly unavailable under R.C. 4123.741 for injuries negligently inflicted by a co-employee in the course of employment. Today's holding is restricted to injuries which are received by a worker due to intentional misconduct. Thus, *Kaiser* is inapposite." (Footnote omitted.)

such that reasonable minds could differ as to whether the defendant's conduct was intentional, a jury question is created which ordinarily may not be resolved by summary judgment. *Cascone* v. *Herb Kay Co.* (1983), 6 Ohio St. 3d 155, paragraph two of the syllabus. * * *" See, also, *Bradfield* v. *Stop-N-Go Foods, Inc.* (1985), 17 Ohio St. 3d 58.

In the instant case, plaintiff's complaint and answers to defendants' interrogatories allege that Rumpke, in violation of federal statutes and despite a known danger, both removed and failed to install required safety warning devices on the landfill compactor which struck Broxtermann. In the alternative, plaintiff complains that Rumpke failed to employ a spotter at the landfill site to prevent injury, which in conjunction with the lack of safety devices, plaintiff alleges, caused Broxtermann's death. Plaintiff further states that defendant Meyers operated the landfill compactor which struck and killed Broxtermann without the required safety equipment even though Meyers was aware of the dangerous condition presented and the likelihood of injury to another. We find that the facts alleged by plaintiff are such that reasonable minds could differ as to whether defendants' conduct was committed with the belief that Broxtermann's resulting injury was substantially certain to occur. Plaintiff's cause against defendants was not properly determined upon summary judgment — a jury question remained ripe for disposition. Accordingly, the single assignment of error raised in this appeal is well-taken. The judgment of the court below is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed
and cause remanded.*

BLACK, P.J., and KLUSMEIER, J., concur.

KEEFE, J., dissents.

KEEFE, J., dissenting. I must register a firm dissent. In my view the judgment below granting a summary judgment for appellees is correct. I cannot conceive of the instant accident and ensuing injuries and death as being "substantially certain" to result from the non-functioning of the back-up signal and the failure to have a spotter. There is no genuine issue of material fact in this matter and in so holding the trial court was clearly correct. Granting the summary judgment meets the tests of *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90. I would affirm.