FUCHSMAN, ADMX. OF ESTATE OF WHISLER, APPELLEE, *v.*
DALLAS & MAVIS FORWARDING CO., INC., APPELLANT.

[Cite as Fuchsman *v.* Dallas & Mavis Forwarding Co. (1986),
28 Ohio St. 3d 12.]

(No. 85-1808—Decided December 5, 1986.)

*Hirsch, Stanhope & Preston Co., L.P.A.,* and *Carl P. Hirsch, Jr.,* for appellee.

*Knepper, White, Arter & Hadden, R. Douglas Wrightsel* and *William A. Adams,* for appellant.

*Jaffy, Livorno, Kaufmann & Arnett Co., L.P.A., Stewart R. Jaffy* and *Henry A. Arnett,* urging affirmance for *amici curiae,* AFL-CIO and Ohio State UAW-CAP.

*Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr.* and *Robert A. Minor,* urging reversal for *amicus curiae,* Ohio Manufacturers' Association.

*Squire, Sanders & Dempsey, Robert H. Gillespy, Frank J. Pokorny, Michael J. Hickey* and *David J. Somrak,* urging reversal for *amici curiae,* Ohio Chamber of Commerce *et al.*

*Knepper, White, Arter & Hadden* and *Roger L. Sabo,* urging reversal for *amicus curiae,* Ohio Contractors Association.

*Frost & Jacobs, Pierce E. Cunningham* and *Jeffrey A. Lipps,* urging reversal for *amicus curiae,* Georgia Pacific Corporation.

On September 10, 1986, a motion by appellant, Dallas & Mavis Forwarding Co., Inc., for leave to brief the effect of Am. Sub. S.B. No. 307 as enacted was denied; Holmes and C. Brown, JJ., dissenting.

The decision of the court of appeals and the judgment of the trial court are vacated and this cause is remanded to the trial court for further proceedings including consideration of the validity and impact of Am. Sub. S.B. No. 307.

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. My dissents in *Blankenship* v. *Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St. 2d 608, 621 [23 O.O.3d 504]; *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 103, and their progeny questioned the survival, upon motions to dismiss and summary judgment, of any common-law tort action brought by an employee against his employer. Such position was taken due to the Ohio Constitution and

statutes which specifically provide for the exclusivity of the Workers' Compensation Fund. Further, after a review of the totality of the constitutional and legislative history, I had concluded, even prior to the passage of Am. Sub. S.B. No. 307, that if any exception to the exclusivity law be recognized, it would of necessity have to be based upon a test of the "deliberate intention" of the actor in a subjective sense, and not a test of "substantial certainty" as evaluated in *Jones,* etc. In my commentary on this court's opinions regarding workers' compensation laws to be found in 1 Workers' Compensation Journal of Ohio (April 1986), at 12, I suggested that if there be a test other than that of "deliberate intention," the minimum should be the "virtual certainty" standard announced in *Millison* v. *E. I. duPont de Nemours & Co.* (1985), 101 N.J. 161, 501 A. 2d 505. This would be the more reasonable rule to be applied in Ohio as a test for the allowance of a common-law action brought by an employee against his employer claiming an "intentional tort."

Applying either the now existing law of R.C. 4121.80(G)(1), which states that "substantially certain" means that "an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death," or applying the constitutional and statutory provisions as interpreted by this court prior to *Blankenship, Jones,* etc., or the "virtual certainty" standard of *Millison,* or even the "substantial certainty" test of *Jones,* etc., the trial court properly directed a verdict for the defendant based upon the facts presented within this case. "Reasonable minds" should not differ as to whether an intentional tort was committed by the appellant company.

Accordingly, I would reverse the judgment of the court of appeals and reinstate the judgment of the trial court.