KOWAL ET AL. *v.*
OHIO POLY CORPORATION.

(No. 17387-85-360—Decided
April 13, 1987.)

Court of Common Pleas of
Carroll County.

*Patrick S. Cassidy* and *Cathy M. Armstrong,* for plaintiffs.
*John N. Childs,* for defendant.

MARTIN, J.

### I. Case Review

On December 6, 1985, plaintiffs filed their complaint seeking compensatory and punitive damages against defendant, Fred Kowal's former employer, based upon alleged intentional tort. (*Blankenship* v. *Cincinnati Milacron Chemicals, Inc.* [1982], 69 Ohio St. 2d 608, 23 O.O. 3d 504, 433 N.E. 2d 572.) Defendant was properly served with summons and process on December 10, 1985.

Defendant, Ohio Poly Corporation, filed its answer on January 7, 1986, containing a general denial asserting affirmative defenses of the statute of limitations and failure to state a claim.

Pretrial conferences were convened on August 14, 1986 and January 12, 1987. Discovery being completed, leave was extended to defendant to move for partial summary judgment as to liability. Accordingly, defendant filed a Civ. R. 56 summary judgment motion on February 11, 1987 with legal memorandum supported by the pleadings and Kowal's deposition.

Plaintiffs opposed said motion on March 16, 1987 with a memorandum of law supported by the depositions of Kowal and Virgadamo. On March 23, 1987, defendant filed a reply memorandum.

Oral hearing on the instant motion was held on March 25, 1987 with counsel present. At the conclusion of argument, the motion was taken "under advisement."

## II. Legal Issues

Subsequent to the filing of this action on *December 6, 1985,* the Ohio General Assembly enacted R.C. 4121.80, *effective August 22, 1986,* pertaining to alleged employer intentional torts as part of Ohio's workers' compensation law. The legislature made the provisions of R.C. 4121.80 applicable to all claims pending in any court upon the above effective date (R.C. 4121.80[H]), and therefore the summary judgment motion *sub judice* was argued, and must be adjudicated, in light of R.C. 4121.80.

The parties' arguments and positions raise essentially two issues, to wit:

(A) The constitutionality of R.C. 4121.80 as applied to the facts of this *individual* case, and

(B) Whether or not the remedy of summary judgment is available.

## III. Relevant Facts

It is to be noted that defendant, in its own memorandum in support of its motion for summary judgment filed February 11, 1987, assumes, *arguendo,* "that Mr. Kowal's recitation of the facts *is accurate.*" (Emphasis added.) Therefore, based upon the pleadings and evidentiary materials submitted, the court makes the following findings of *undisputed* "material" fact (construing same in a light most favorable to the plaintiff):

(A) Plaintiff Kowal became employed by defendant in September 1981 as an "extruder operator," and remained in that position until discharged on or about February 8, 1985.

(B) On or about December 7, 1983, plaintiff was operating Extruder No. 6, and in the course of said employment sustained a back injury and subsequently received Ohio workers' compensation benefits for this claim.

(C) Extruder No. 6 may have been, on and before December 7, 1983, improperly installed and/or maintained by defendant, rendering the machine a hazard, which improper installation and/or maintenance was known to both plaintiff and defendant.

(D) Plaintiff, contrary to past practice and accepted policy, declined to seek the assistance of other equipment and/or personnel in his attempt to lift a six-hundred-ten-pound roll of product on/off Extruder No. 6, which attempt was the proximate cause of his claimed injuries.

## IV. Applicable Law and Opinion

### (A) Constitutional Issues

Plaintiff has prosecuted this action on the authority of *Blankenship, supra,* and its progeny (*e.g., Jones* v. *VIP Development Co.* [1984], 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046), in which the Ohio Supreme Court first recognized the right at

common law of an injured employee to seek damages in intentional tort against his employer, despite receiving workers' compensation benefits as well. Such right was held to be an exception to employer "immunity." While not directly addressed in *Blankenship,* such common-law right of action is apparently controlled by the two-year statute of limitations prescribed by R.C. 2305.10.

Plaintiff was injured in his employment on December 7, 1983, and timely filed the instant action for intentional employer tort on December 6, 1985 in accordance with R.C. 2305.10.

As noted, *supra,* the Ohio General Assembly thereafter enacted R.C. 4121.80 (Am. Sub. S.B. No. 307) effective August 22, 1986, which in pertinent part provides:

"(A)  * * * Any action pursuant to this section shall be brought within *one year of* the employee's death or *the date on which the employee knew* or through the exercise of reasonable diligence should have known *of the injury,* disease, or condition, *whichever date occurs first. * * *

"(H)  This section applies to and governs *any action* based upon a claim that an employer committed an intentional tort against an employee *pending in any court on the effective date of this section* and all claims or actions filed on or after the effective date, *notwithstanding any provisions of any prior statute or rule of law of this state.*" (Emphasis added.)

R.C. 4121.80 is new legislation, not an amendment, modification, or reenactment of a prior statute. The clear and unambiguous legislative intent in subsection (H) is that R.C. 4121.80 provisions are to be retroactively applied to all employer intentional tort claims pending in or out of any court as of August 22, 1986, or filed thereafter. This case is then clearly to be governed by R.C. 4121.80.

Defendant, in its motion for summary judgment *sub judice* and in its answer, contends first that plaintiff's cause of action is now barred by the one-year limitation provision of R.C. 4121.80(A), in that plaintiff should have filed suit on or before December 7, *1984,* and did in fact not file until December 6, *1985.* The parties concede that the application of R.C. 4121.80(A) to this case would, on its face, totally deprive plaintiff of any cause of action in intentional employer tort.

However, plaintiffs argue that R.C. 4121.80(A) as retroactively applied by subsection (H) thereof is unconstitutional and violative of Section 28, Article 2 of the Ohio Constitution.

Thus, we must address two questions: (1) is R.C. *4121.80(A)* as applied by R.C. 4121.80(H) *to the facts of this particular case* unconstitutional, and (2) if so, does this render *all* provisions of R.C. 4121.80 constitutionally infirm and inapplicable to this case?

### (A)(1)  Constitutionality of R.C. 4121.80(A)

As general rules of statutory construction, enactments of the Ohio Legislature are "presumed" to be constitutional (*Bartol* v. *Eckert* [1893], 50 Ohio St. 31, 41, 33 N.E. 294, 295; *State* v. *Sinito* [1975], 43 Ohio St. 2d 98, 101, 72 O.O. 2d 54, 56, 330 N.E. 2d 896, 898), and whenever a constitutional question arises, courts must "liberally" construe statutes in order to save them from constitutional "infirmities" (*George* v. *Mann* [1932], 29 Ohio N.P. [N.S.] 371).

"There is no question as to the right of the legislature to enact a limitation of actions statute," as same rests within the "sound discretion" of that body even if meritorious claims may be cut off (66 Ohio Jurisprudence 3d [1986] 135, Section 6).

In enacting a statute, it is "pre-

sumed" that compliance with the United States and Ohio Constitutions is intended; the entire statute is intended to be effective; a just and reasonable result is intended; and a result feasible of execution is intended (R.C. 1.47).

R.C. 1.48 provides that "a statute is *presumed* to be prospective in its operation *unless expressly made retrospective.*" (Emphasis added.) However, if the statute declares itself applicable to existing causes of action, then that declaration governs (66 Ohio Jurisprudence 3d [1986] 143, Limitations and Laches, Section 12).

Section 28, Article II of the Ohio Constitution further provides:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings arising out of their want of conformity with the laws of this state."

In applying the above provisions and in cases too numerous to cite here, it has been held that a statute "which relates exclusively to remedial rights is *not* within the purview of the constitutional inhibition against the legislative enactment of retroactive laws, and there is no constitutional inhibition in the state of Ohio against the enactment of laws relating to the remedy, and against making them applicable to pending actions and existing causes of action." (Emphasis added.) (66 Ohio Jurisprudence 3d [1986] 136, Limitations and Laches, Section 7.)

Statutes of limitations are regarded as "procedural," non-substantive in nature and "remedial," and therefore are generally permitted a retroactive application without vio-

lating Section 28, Article II (see *Smith* v. *N.Y.C. RR. Co.* [1930], 122 Ohio St. 45, 48-49, 170 N.E. 637, 638, and paragraph one of the syllabus; *Gregory* v. *Flowers* [1972], 32 Ohio St. 2d 48, 61 O.O. 2d 295, 290 N.E. 2d 181, paragraph one of the syllabus; *State, ex rel. Slaughter,* v. *Indus. Comm.* [1937], 132 Ohio St. 537, 8 O.O. 531, 9 N.E. 2d 505, paragraph three of the syllabus; *State, ex rel. Holdridge,* v. *Indus. Comm.* [1967], 11 Ohio St. 2d 175, 40 O.O. 2d 162, 228 N.E. 2d 621, paragraph one of the syllabus; *Kilbreath* v. *Rudy* [1968], 16 Ohio St. 2d 70, 45 O.O. 2d 370, 242 N.E. 2d 658; *Denicola* v. *Providence Hospital* [1979], 57 Ohio St. 2d 115, 11 O.O. 3d 290, 387 N.E. 2d 231, paragraph one of the syllabus; *Adams* v. *Sherk* [1983], 4 Ohio St. 3d 37, 4 OBR 82, 446 N.E. 2d 165; *Wilfong* v. *Batdorf* [1983], 6 Ohio St. 3d 100, 6 OBR 162, 451 N.E. 2d 1185; *French* v. *Dwiggins* [1984], 9 Ohio St. 3d 32, 9 OBR 123, 458 N.E. 2d 827). Therefore, as a general proposition of law, R.C. 4121.80(A), as applied by subsection (H) thereof, is a valid constitutional enactment of a "remedial" statute of limitations which may be accorded retroactive application.

However, the law recognizes an "exception" to the above general proposition. A cause of action which has already arisen or "vested" is regarded as a property right which cannot be removed by legislation, as in the shortening of the period of limitation to a time which has already run, since to do so would result in the unconstitutional taking of property without due process (66 Ohio Jurisprudence 3d [1986] 138, Limitations and Laches, Section 9; *Weil* v. *Taxicabs of Cincinnati, Inc.* [1942], 139 Ohio St. 198, 22 O.O. 205, 39 N.E. 2d 148; *Gregory, supra,* at paragraph three of the syllabus). When a new limitation is made by statute to apply to existing causes of action, a "reasonable time" must be allowed

before it becomes effective (66 Ohio Jurisprudence 3d [1986] 137, Limitations and Laches, Section 7, and 138, Section 9).

Furthermore, the law distinguishes between the retroactive operation of a statute of limitations, such as R.C. 4121.80(A), which "totally obliterates" an existing substantive right, and one which only shortens the time period in which the remedy "can be realized" — and again a "reasonable" time *after* the effective date of the statute must be afforded the litigant — (*Smith, supra; Kilbreath, supra; Weil, supra; Baird* v. *Loeffler* [1982], 69 Ohio St. 2d 533, 23 O.O. 3d 458, 433 N.E. 2d 194, applied). A statute of limitations which totally destroys an accrued substantive right of action conflicts with Section 28, Article II, and is unconstitutional (*Weil, Gregory, Smith, Baird, supra,* followed).

This court concludes that under *Blankenship, supra,* plaintiff Kowal's substantive right of action for alleged intentional employer tort arose on December 7, 1983, and this case was timely filed pursuant to the then-applicable two-year statute of limitations, R.C. 2305.10. The enactment of R.C. 4121.80(A) and (H), effective August 22, 1986, *eight months after litigation had already been commenced,* would totally destroy and obliterate this substantive right altogether. This is impermissible under Section 28, Article II, and therefore this court finds that as to the *facts of this case only,* R.C. 4121.80(A) as applied by subsection (H) *is unconstitutional* (*Schump* v. *Firestone Tire & Rubber Co.* [1987], Summit C.P. No. CV83-3-0632, unreported; *Adams* v. *DeVilbiss Co.* [Sept. 30, 1986], Lucas App. No. L-86-010, unreported; *Pratt* v. *Natl. Distillers & Chemical Corp.* [1986], S.D. Ohio No. C-1-83-249, unreported, all distinguished on facts or issues).

### (A)(2) Constitutionality of Remainder of R.C. 4121.80

Having found that R.C. 4121.80 (A), as applied by subsection (H) to the *facts of this case,* is unconstitutional, does it necessarily follow that the remainder of R.C. 4121.80 is also unconstitutional and therefore inapplicable to our case *sub judice*? Defendant argues that the remainder of R.C. 4121.80 is constitutional, and with this position the court concurs.

The general principles for constitutional and statutory construction are adequately set forth *supra,* and will not be repeated here. It is certainly well within the province of the legislature to preempt the area of employer intentional tort by statute as it has done with the passage of R.C. 4121.80. It is also well-settled that the constitutional infirmity of one part of an Act does not always invalidate the entire statute (16 Ohio Jurisprudence 3d [1979] 314, Constitutional Law, Sections 182-193).

R.C. 1.50 provides:

"If any provision of a section of the Revised Code *or the application thereof to any person or* circumstance is held invalid, the invalidity does *not* affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, *and to this end the provisions are severable.*" (Emphasis added.)

The accepted "test of separability" is set forth in *Geiger* v. *Geiger* (1927), 117 Ohio St. 451, 160 N.E. 28, and essentially includes a determination as to whether or not: (1) the constitutional and unconstitutional parts are capable of separation so that each may be read and stand alone, (2) the unconstitutional portion is so connected with the general scope of the whole statute as to make it impossible to give effect to the intent of the legislature if the defective part is stricken, and (3) the

insertion of other words or terms is necessary in order to separate the constitutional part from that which is unconstitutional and to give effect to the former only.

It is to be *expressly noted* here that this court has not declared R.C. 4121.80(A) to be unconstitutional *per se*, but only upon the facts of *this* case to this *particular* plaintiff. The "legislative intent" of R.C. 4121.80 is succinctly set forth in subsection (B) with clarity, and subsections (C), (D), (E), (F), (G), and (H) merely provide the "mechanics" to prosecute an employer intentional tort claim. Subsection (A), except for the limitations aspects, is simply a codification of *Blankenship, supra,* and its related case law.

Applying R.C. 1.50 and *Geiger, supra,* this court finds that the unconstitutional statute of limitations provisions of R.C. 4121.80(A) are totally separable from the remainder of that statute, and therefore the remaining provisions of the statute are constitutional and are applicable to this case.

Having fully addressed the constitutional issues, we now turn attention to the "merits" of this case.

(B)  Summary Judgment Applicability

The salutary purposes of Civ. R. 56 are now well published and need not be repeated here (see *Washington Cty. Farm Assn.* v. *Baltimore & O. RR. Corp.* [1972], 31 Ohio App. 2d 84, 60 O.O. 2d 174, 286 N.E. 2d 287; *Norris* v. *Ohio Standard Oil Co.* [1982], 70 Ohio St. 2d 1, 24 O.O. 3d 1, 433 N.E. 2d 615). The remedy of summary judgment is to be cautiously employed, remaining mindful that the trial court's basic function in such a proceeding is normally not to try the sufficiency of issues of fact, but is rather to determine whether or not "triable" issues of fact exist (*Viock* v. *Stowe-Woodward Co.* [1983], 13 Ohio App. 3d 7, 13 OBR 8, 467 N.E. 2d 1378; *Napier* v. *Brown* [1985], 24 Ohio App. 3d 12, 24 OBR 33, 492 N.E. 2d 847).

The burden of proving the elements for such relief rests with the movant (*Temple* v. *Wean United, Inc.* [1977], 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267; *Harless* v. *Willis Day Warehousing Co.* [1978], 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46; *Rayburn* v. *J.C. Penney Outlet Store* [1982], 3 Ohio App. 3d 463, 3 OBR 544, 445 N.E. 2d 1167), and he must demonstrate: (a) the absence of genuine issues of material fact, and (b) his entitlement to a judgment as a matter of law (*Citizens Ins. Co.* v. *Burkes* [1978], 56 Ohio App. 2d 88, 10 O.O. 3d 119, 381 N.E. 2d 963).

Submitted evidence should be construed "most strongly" in favor of the non-moving party (Civ. R. 56[C]), as well as any inferences reasonably drawn from such evidence (*Viock, supra*; *Hounshell* v. *American States Ins. Co.* [1981], 67 Ohio St. 2d 427, 21 O.O. 3d 267, 424 N.E. 2d 311). If genuine issues of material fact do exist, summary judgment becomes inappropriate and must be denied (*Harless*; *Citizens Ins., supra*; *Paulin* v. *John R. Jurgensen Co.* [1982], 7 Ohio App. 3d 273, 7 OBR 354, 455 N.E. 2d 524).

R.C. 4121.80, *as a special statutory proceeding,* contains *specific directives* to the trial court. *First,* subsection (C) furthers the legislative intent at subsection (B) by providing:

"Notwithstanding any other provision of law *or rule* to the contrary, *and consistent with the legislative findings of intent to promote prompt judicial resolution* of issues of immunity from litigation under Chapter 4123. of the Revised Code, the *court shall dismiss the action*:

"(1) *Upon motion for summary judgment,* if it finds, pursuant to Rule 56 of the Rules of Civil Procedure *the facts required to be proved by division*

*(B) of this section do not exist; * * *."* (Emphasis added.)

Thus, not only is summary judgment treatment encouraged under R.C. 4121.80, it is specifically authorized by the statute.

*Second,* R.C. 4121.80(D) in pertinent part recites:

"In *any action* brought pursuant to this section, the *court is limited to a determination as to whether or not the employer is liable* for damages on the basis that the employer committed an *intentional* tort. * * *" (Emphasis added.)

Thus, it is evident that as to the issue of "liability," a plaintiff-claimant has no right to a jury, and the *ultimate* decision on liability rests with the *trial court alone* as trier of fact, whether the facts are disputed (R.C. 4121.80[C][2]) or not (R.C. 4121.80[C][1]). The *court "shall"* determine the ultimate issues of employer "intent" and "liability" by applying the standards set forth by this statute (*Stockum* v. *Rumpke Container Serv., Inc.* [1985], 21 Ohio App. 3d 236, 21 OBR 252, 486 N.E. 2d 1283, distinguished). Damages are left to the Ohio Industrial Commission (accord *Pratt* v. *Natl. Distillers & Chemical Corp., supra*).

*Third,* "intentional tort" is defined by statute at R.C. 4121.80(G)(1) as "an act committed with the intent to injure another, or committed with the belief that the injury is substantially certain to occur" (codifying paragraph one of the syllabus of *Jones* v. *VIP Development Co., supra*). The term "substantially certain" is also now statutorily defined as "that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death."

The element of substantial certainty distinguishes the merely *negligent* act or omission from that which is *intentionally* tortious (*Jones, supra,* at 95, 15 OBR at 250, 472 N.E. 2d at 1051). Giving the words in R.C. 4121.80(G)(1) their plain and ordinary meaning (per R.C. 1.42), the "intent" to injure connotes having an express goal or purpose of causing injury, signifying a "purpose" to injure arrived at after careful planning or calculation in light and consideration of the potential consequences. This statutory definition of "intentional tort" presents a higher standard of proof for the plaintiff to meet than existed at the common law under *Jones, supra.* (Ohio's New Workers' Compensation Legislation, Ohio Legal Center Institute, No. 165 [1986], at 7-10; see *Fuchsman* v. *Dallas & Mavis Forwarding Co.* [1986], 28 Ohio St. 3d 12, 28 OBR 76, 501 N.E. 2d 1197, Holmes, J., dissenting; *Bryant* v. *Lawson Milk Co.* [1985], 22 Ohio App. 3d 69, 22 OBR 167, 488 N.E. 2d 934, overruled by R.C. 4121.80[G][1]).

Applying the general principles of summary judgment, the court finds that there are no genuine issues of material fact, and defendant herein has met the first requirement for Civ. R. 56 relief. Applying R.C. 4121.80(D), this court, *as the statutory "trier of fact,"* now must construe these undisputed facts, in a light most favorable to the plaintiff, in conjunction with the standards prescribed by R.C. 4121.80(C)(1) and (G)(1).

As to liability, under any logical interpretation of the facts in evidence and granting to this court the usual latitude given the "trier of facts" as to weight, sufficiency, etc. of the evidence, "reasonable minds" should not differ as to whether or not an intentional tort was committed by the defendant, Ohio Poly Corporation, and we find insufficient evidence of such tort. Defendant is entitled to judgment as a matter of law, and has likewise met the second requirement for summary judgment (accord *Fuchsman, supra,* at dissent; *Schump* v. *Firestone Tire & Rubber Co., supra*).

There is no evidence of a deliberate intent, goal, or purpose to cause injury to plaintiff Kowal (R.C. 4121.80[G][1], applied). Assuming that Extruder No. 6 was improperly installed and/or maintained by defendant, the proximate cause of plaintiff's injury on December 7, 1983 was not the machine itself (R.C. 4121.80[G][1], *paragraph two* distinguished) or any act of defendant or its personnel. The proximate cause of plaintiff's injury was his own knowing, willing, and voluntary departure from accepted company policy and his own past practice of not seeking assistance, mechanical or human, in lifting the roll of product. Plaintiff's momentary exercise of poor judgment cannot be imputed, under the facts of this case, to his employer. Evidence of *statutorily defined* "intent" on the part of defendant is simply lacking.

## V.  Judgment

Therefore, for the foregoing reasons and upon the foregoing authorities, it is hereby ordered that the motion for partial summary judgment filed February 11, 1987 by defendant Ohio Poly Corporation is granted, and final judgment is awarded to said defendant and against the plaintiffs Kowal.

*Defendant's motion for partial summary judgment granted.*