912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Yvonne OMERZO, Executrix of the Estate of James D. Omerzo,
deceased, Plaintiff-Appellant,
v.
RMI COMPANY, Defendant-Appellee.
 No. 89-3748.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and ENSLEN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Yvonne Omerzo, executrix of the estate of James Omerzo, appeals from a Federal Rule of Civil Procedure 12(b)(6) dismissal of her intentional tort claim against the defendant. The defendant, RMI Company, was the employer of the decedent who was killed at work by the negligent act of a fellow employee. Since this is a diversity action, Ohio law applies. The district court construed Ohio law to require that the complaint allege deliberate intent on the part of the employer to cause injury or death. In Diggs v. Pepsi-Cola Metro. Bottling Co., 861 F.2d 914, 927 (6th Cir.1988), we stated:
 
 
 2
 Our court has consistently held that the judgment of a local district judge sitting in a diversity case, as to the application of state law, is entitled to considerable deference. Agristor Leasing v. Saylor, 803 F.2d 1401, 1407 (6th Cir.1986); Martin v. Joseph Harris Co., 767 F.2d 296, 299 (6th Cir.1985). In Rudd-Melikian v. Merritt, 282 F.2d 924, 929 (6th Cir.1960), a panel of our court stated that: the rule appears well settled that in diversity cases, where the local law is uncertain under state court rulings, if a federal district court judge has reached a permissible conclusion upon a question of local law, the Court of Appeals should not reverse, even though it may think the law should be otherwise. As said in a number of cases, the Court of Appeals should accept the considered view of the District Judge.
 
 
 3
 Applying this standard, we are unable to say that the district court erred, and we affirm.
 
 I.
 
 4
 James Omerzo, plaintiff's husband, was killed at work when he was struck by a forklift driven by a fellow employee, Jimmie Taylor. This, of course, was a compensable accident under the workers' compensation laws of Ohio and would not, under ordinary circumstances, be the predicate for an independent action. However, the employee driving the forklift was under the influence of drugs or alcohol, and the defendant-employer knew that the driver had a history of substance abuse. Pursuant to Ohio Rev.Code Ann. Sec. 4121.80 (Anderson Supp.1989), an employee may sue his employer for an intentional tort committed in the course of employment which results in injury, occupational disease, or death:
 
 
 5
 (A) If injury, occupational disease, or death results to any employee from the intentional tort of his employer, the employee or the dependents of a deceased employee have the right to receive workers' compensation benefits under Chapter 4123. of the Revised Code and have a cause of action against the employer for an excess of damages over the amount received or receivable under Chapter 4123. of the Revised Code and Section 35 of Article II, Ohio Constitution, or any benefit or amount, the cost of which has been provided or wholly paid for by the employer....
 
 
 6
 Although the above language is relatively general, the definitional section of the statute which follows is very specific:
 
 
 7
 (G) As used in this section:
 
 
 8
 (1) "Intentional tort" is an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur.
 
 
 9
 .............................................................
 
 
 10
 ...................
 
 
 11
 * * *
 
 
 12
 "Substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death.
 
 
 13
 Ohio Rev.Code Ann. Sec. 4121.80(G)(1) (Anderson Supp.1989).
 
 
 14
 Judge Manos in the district court construed the statute to mean just what it says and concluded that the complaint did not set forth the "deliberate intent" necessary to meet the statute. We believe this interpretation is correct and is supported by the history surrounding the enactment of section 4121.80.
 
 
 15
 In 1911, Ohio enacted its first workers' compensation legislation which expressly recognized the right of an employee to bring an action against an employer for injuries caused by the employer's "wilful acts." 102 Ohio Laws 529 (1911). Considerable litigation resulted and, in 1914, the statute was amended to provide that a "wilful act" is one done "knowingly and purposely with the direct object of injuring another." 104 Ohio Laws 194. This provision was liberally construed by the Ohio courts in favor of employees, which resulted in an amendment being passed to the Ohio Constitution. In 1923, article II, section 35 of the Ohio Constitution was amended to remove the constitutional protection for "wilful act" lawsuits. The following language was deleted from the Constitution:
 
 
 16
 [N]o right of action shall be taken away from an employee when the injury, disease, or death arises from failure of the employer to comply with any lawful requirement for the protection of the lives, health and safety of employees.
 
 
 17
 In place of this deleted language, the following was substituted:
 
 
 18
 Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute, for such death, injuries or occupational disease.
 
 
 19
 Neither the legislature nor the Ohio courts, however, construed this constitutional amendment to require the elimination of all intentional tort suits against employers by employees. Blankenship v. Cincinnati Milacron Chem, Inc., 69 Ohio St.2d 608, ----, 433 N.E.2d 572, 573 (1982) ("An employee is not precluded by Section 35, Article II of the Ohio Constitution, or by R.C. 4123.74 and 4123.741 from enforcing his common law remedies against his employer for an intentional tort.") Although Blankenship allowed intentional tort claims to be pursued, it was the subsequent decision in Jones v. VIP Dev. Co., 15 Ohio St.3d 90, 472 N.E.2d 1046 (1984), that shaped the contours of this intentional tort action. The Jones court defined "intentional tort" to mean "an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." Id. at ---, 472 N.E.2d at 1047. The Jones decision was also liberally construed in favor of employees by the Ohio courts,[1] leading to further legislative action. In 1986, the Ohio General Assembly provided a new legislative definition for "substantially certain to occur," which required the employer to act "with deliberate intent to cause an employee to suffer injury, disease, condition, or death." Ohio Rev.Code Ann. Sec. 4121.80(G)(1) (Anderson Supp.1989). Although the intent of the Ohio legislature would appear clear, the Ohio Supreme Court has also indicated that the new amendment results in a substantial narrowing of the Jones decision. Van Fossen v. Babcock & Wilcox Co., 36 Ohio St.3d 100 ----, 522 N.E.2d 489, 498 (1988). The Ohio legislature has thus made an intentional tort suit against an employer growing out of a workplace accident not only difficult to prove but also difficult to plead. Although a plaintiff's burden is a heavy one, we do not suggest that under circumstances such as are presented here that a plaintiff would have to show that the employer acted out of a motive to cause the death of James Omerzo. However, a plaintiff must plead and prove more than the gross negligence that was involved in allowing a known risk like Jimmie Taylor to get behind the wheel of a forklift truck.
 
 
 20
 We also would add that we do not believe the Ohio statute would require proving a specific intent to injure James Omerzo. If an employer acts in a manner so that it is certain someone will be injured, that should suffice. Here, however, the most that can be said is that it was certainly possible that persons or property would be damaged if Jimmie Taylor were allowed to continue to drive forklifts, given his history of substance abuse.
 
 II.
 
 21
 We choose not to reach plaintiff's argument that the action of the Ohio legislature in enacting section 4121.80 was unconstitutional since this issue is raised for the first time on appeal. Boone Coal & Timber Co. v. Polan, 787 F.2d 1056, 1064 (6th Cir.1986).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 See, e.g., Bryant v. Lawson Milk Co., 22 Ohio App.3d 69, 488 N.E.2d 934 (1985)